IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARRROD B. FOSTER,

        Plaintiff,

v.                                                                                               No. CV 15-1047 CG/LAM

NOVA HARDBANDING, LLC, et al.

        Defendants.

## ORDER DENYING AS MOOT DEFENDANT'S
## MOTION TO DISMISS

**THIS MATTER** came before the Court upon *Defendant Kenneth Bromley's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(4), and Subject Thereto, Defendants' Original Answer* ("Motion to Dismiss"), (Doc. 17), filed December 30, 2015.

Subsequently, on January 4, 2016, Plaintiff filed his *First Amended Complaint*, (Doc. 20), pursuant to Fed. R. Civ. P. 15(a)(1)(B). An amended complaint supersedes a prior complaint "and renders it of no legal effect." *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation marks omitted) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). Therefore, the Court may deny as moot a motion for default judgment, because the motion is invalidated by the filing of an amended complaint. *Marotta v. Cortez*, No. 08-cv-02421-CMA-CBS, 2008 WL 5044496, at *1 (D. Colo. Nov. 20, 2008) (unpublished) (citing *Vanguard Fin. Serv. Corp. v. Johnson*, 736 F.Supp. 832, 835 (N.D. Ill. 1990); *Best Western Int'l, Inc. v. Melbourne Hotel Investors, LLC*, No. CV 06-2276-PHX-MHM, 2007 WL 2990132, at *2 (D. Ariz. Oct. 11, 2007) (unpublished)); *Ogunsalu v. Nair*, No. 06-55842, 264 Fed. Appx. 672, 674 (9th Cir. Jan. 22, 2008) (unpublished) (Filing an amended complaint

"render[ed] [the] motion for entry of default judgment as to the original complaint untimely.") As the Original Complaint no longer has any effect, the Motion to Dismiss is moot.

**IT IS THEREFORE ORDERED** that *Defendant Kenneth Bromley's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(4), and Subject Thereto, Defendants' Original Answer*, (Doc. 17), is **DENIED AS MOOT**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE