IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD B. FOSTER, *on behalf
of himself and all others similarly situated*,

      Plaintiffs,

v.                                                 No. CIV-15-1047 CG/LAM

NOVA HARDBANDING, LLC and
KENNETH BROMLEY,

      Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

This case has been referred to me for a settlement conference. *See* D.N.M. LR-Civ. 16.2(a). Having conferred with counsel about a mutually-convenient date, time, and location,

**IT IS HEREBY ORDERED** that <u>all parties and their lead counsel shall appear before me at the United States Courthouse, 100 N. Church, Picacho Courtroom (4th Floor - South Tower), Las Cruces, New Mexico, on Thursday, January 26, 2017 at 9:30 a.m.</u> An insured party or an uninsured corporate party shall <u>also</u> have at the settlement conference a representative with *full authority* to discuss and enter into a binding settlement. **Please note that Judge Martinez' definition of "*a representative with full authority*" is the person who can authorize payment of Plaintiff's last demand prior to the settlement conference. This does NOT mean that this person will be willing to pay it; it just means that this person has the "authority" to pay it.**

Experience teaches that settlement conferences are often unproductive unless the parties have **exchanged demands and offers *before* the conference** and made a serious effort to settle the case on their own. Accordingly, **by January 3, 2017,** Plaintiff's counsel shall serve on defense counsel a letter, with a copy to the Court ***by e-mail*** to lmproposedtext@nmcourt.fed.us, or by mail as long as the letter arrives in my chambers by the deadline, that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff asserts will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of the principles supporting those damages; and (d) a settlement demand. **By January 10, 2017,** defense counsel shall serve on Plaintiff's counsel a letter, with a copy to the Court ***by e-mail*** to lmproposedtext@nmcourt.fed.us, or by mail as long as the letter arrives in my chambers by the deadline, that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.

**By January 17, 2017**, each party must provide me, ***in confidence***, a **concise** letter of the case (typically no more than 4 pages), containing an analysis of the strengths and weaknesses of that party's case. As should be apparent, this confidential letter must not be a mere restatement of the letter served on opposing counsel. All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge. The parties are to submit the statements ***by e-mail*** to lmproposedtext@nmcourt.fed.us, or by mail as long as the letter arrives in my chambers by the deadline.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording **at least 10 calendar days** before the settlement conference.

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to me in confidence will be kept **confidential**, and will not be disclosed to any other party, or to the trial judge. I, of course, will not serve as the trial judge in this case. *See* D.N.M. LR-Civ. 16.2 (e).

At the settlement conference, the parties, through counsel, may give a brief (five minute) presentation outlining the factual and legal highlights of their case. Then separate and confidential caucuses will be held with each party and the party's representative(s). Attached is a Settlement Conference Preparation outline for counsel to review with the parties prior to the settlement conference to help in preparing for the conference and to make the best use of the time allotted.

**The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference,** by reducing the time for communication of offers and expanding the ability to explore options for settlement. *A request to be excused must be made in writing five calendar days before the conference*. *See* D.N.M.LR-Civ. 16.2 (d).

Vacating and re-setting of settlement conferences can disrupt the case management schedule and inconvenience the parties, counsel, third parties, and the Court. *A request to vacate a settlement conference should be made AS SOON AS counsel or the parties become aware of*

*the circumstances* giving rise to the request.  Requests to vacate settlement conferences must be made by written motion, and their approval by the court will require a showing of good cause.

**IT IS THEREFORE ORDERED** as follows:

| | |
|---|---|
| Plaintiff's letter and settlement demand due to Defendant: | **January 3, 2017** |
| Defendants' letter and counteroffer due to Plaintiff: | **January 10, 2017** |
| Parties' confidential positions statements due to the Court: | **January 17, 2017** |
| Settlement Conference: | **January 26, 2017 at 9:30 a.m.** |

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

# SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

**A.     FORMAT**

      1.      Parties with ultimate settlement authority **must** be personally present.

      2.      The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

      3.      Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

**B.     ISSUES**

      1.      What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue. What is your most persuasive argument?

      2.      What remedies are available resulting from this litigation or otherwise?

      3.      Is there any ancillary litigation pending/planned which affects case value?

      4.      Do you have enough information to value the case? If not, how are you going to get more information before the conference?

      5.      Do attorneys' fees or other expenses affect settlement? Have you communicated this to the other side?

**C.     AUTHORITY**

      1.      Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do you need to include the representative from more than one company/carrier? If so, notify the Court immediately.

**D. NEGOTIATIONS**

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

**E. CLOSING**

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.