# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Nova Hardbanding, LLC and Kenneth Bromley (collectively "Nova") file this Motion to Compel Discovery, and in support thereof respectfully shows the Court as follows:

## I.
## BACKGROUND

Plaintiff Jarrod B. Foster claims Nova violated the Fair Labor Standards Act ("FLSA") and New Mexico Minimum Wage Act ("NMMWA") by failing to pay overtime wages for hours allegedly worked in excess of forty hours per week.  On April 20, 2016, the Court conditionally certified this matter as a collective action and approved a notice to be sent to potential opt-in plaintiffs.  Dkt. 50.  As of today, the opt-in period has closed and thirty Opt-in Plaintiffs have joined the case.

Per the Court's scheduling order, the termination date for discovery is May 22, 2017, and the Court adopted a modified version of the parties' Joint Status Report and Provisional Discovery Plan, permitting twenty-five interrogatories by each party to any other party.  Dkt 81.

To evidence when Plaintiffs ceased working each day, Nova asked in Interrogatory No. 9 for Plaintiffs' mobile device information, including the carrier or provider, so it could subpoena Plaintiffs' relevant carrier information:

> "Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides."

*See* App. Ex. A (Defs' Interrogatories).

Twenty-four Plaintiffs answered Interrogatory No. 9 without objecting in any way.  *See* App. Exs. B-1 through B-24 (Plaintiffs' Responses to Interrogatories).  However, beginning on October 26, 2016, Plaintiffs ceased responding to Nova's discovery by objecting to all interrogatories and requests for production, respectively, as follows:

> Plaintiff objects to this request on the grounds that it exceeds the number of interrogatories as allowed by Fed. R. Civ. P. 33. Plaintiff also objects to this request on the grounds that this lawsuit was brought on a representative class basis; as such, Defendant is not entitled to discovery for every single opt-in Plaintiff.

> Plaintiff objects to this request on the grounds that this lawsuit was brought on a representative class basis; as such, Defendant is not entitled to discovery from every single opt-in Plaintiff.

*See* App. Exs. C-1 through C-6 ("Representative Class Objections").

Whereas, before October 26, 2016, the *only* objection raised by any Plaintiff to any of Nova's discovery was to Interrogatory No. 12 as follows:

> Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.

---

*See* App. Ex. B-1 at p. 6.  Accordingly, Nova files this Motion to Compel Discovery, to obtain the individualized discovery it is entitled to, and to specifically obtain a ruling on Nova's Interrogatories Nos. 9 and 12.

## II.
## ARGUMENT AND AUTHORITIES

Regarding Plaintiffs' Representative Class Objections, there are three points in this case during which it is critical that Nova have the opportunity to conduct a reasonable level of discovery: (1) the decertification stage, involving a heightened analysis of whether the thirty Opt-in Plaintiffs are in fact similarly situated; (2) the summary judgment stage, where Nova must address the actual duties and responsibilities of Plaintiffs and anticipate responsive testimony from Plaintiffs; and (3) the trial stage, for reasons similar to the summary judgment stage.

Further, to protect Nova's due process rights, it is unfair and abusive for Plaintiffs to argue that they can assert and pursue highly individualized claims while refusing "to make [themselves] available for reasonable questioning regarding [their] claims."  *See Ashby v. McKenna*, 311 F.3d 1148, 1150 (10th Cir. 2003).  Additionally, it is impossible to select a "representative" sample of Plaintiffs when there are *only* thirty-one Plaintiffs, who each worked different hours, held different positions, and performed different duties.

Thus, because limiting discovery to a mere sample of Plaintiffs would amount to a judicial pre-judging in violation of Nova's rights that this case may be discovered, and ultimately tried, on a representative basis, the Court should authorize written and deposition discovery of all Plaintiffs and compel Plaintiffs to respond to Nova's discovery.

### A.  *All Plaintiffs are Parties to the Case and are Subject to Individualized Discovery.*

All Plaintiffs are parties to this case, not absent class members.  A conditionally certified collective action "is not a class consisting of thousands of absent class members, scattered

---

throughout the county, perhaps unaware of the litigation itself.  This case involves a relatively small group of people, "each of whom freely chose[] to participate and each of whom has relevant information with respect to the claims and defenses in this action."  *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 449 (S.D.N.Y. 1995)[1].

A collective action is fundamentally different from a class action in that it "does not produce a class with an independent legal status."  *Genesis Healthcare Corp. v. Symczk*, 133 S. Ct. 1523, 1529-30 (2013).  Rather, the "sole consequence of conditional certification is the sending of . . . notice to employees . . . ."  *Id.* at 1530.  "Unlike a Rule 23 class action, once a FLSA collective action is initially certified upon a determination that a group of employees are 'similarly situated,' the opt-in plaintiffs may be subject to some individualized discovery, following which they will be required to demonstrate that they are 'similarly situated' under a stricter standard."  *In re American Family Mut. Ins. Co. Overtime Pay Litigation*, 638 F. Supp. 2d 1290, 1295 (D. Colo. 2009).

The plain language of 29 U.S.C. § 216(b) makes clear that when an employee files a consent to join a collective action that the "employee shall be a party plaintiff."  *Id.*  "Generally, 'when an individual voluntarily chooses to participate in [a] lawsuit, he [or she] takes on the obligation to provide discovery about his [or her] claim.'"  *Forauer v. Vermont Country Store*, No. 5:12-cv-276, 2014 WL 2612044, at *2 (D. Vt. June 11, 2014).

The Federal Rules of Civil Procedure inarguably allow parties to "depose any person, including a party."  Fed. R. Civ. P. 30(a).  The extent of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

---

[1] *See also Kaas v. Pratt &Whitney*, No. 89-8343-CIV, 1991 WL 158943, at *2 (S.D. Fla. Mar. 18, 1991) (permitting individualized discovery and noting the fundamental differences between Rule 23 class actions and Section 216(b) collective actions).

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

Individualized discovery is crucial because of the two-step process for determining whether a FLSA action should proceed as a collective action pursuant to Section 216(b).  *Bustillos v. Bd. of Cnty. Comm'rs*, 310 F.R.D. 631, 662-63 (D.N.M. 2015).   The initial stage only requires a minimal showing that the plaintiffs are similarly situated.  *Id.* at 663. The second stage requires the court to use a stricter standard and evaluates several factors, including individual plaintiffs' disparate factual and employment settings; the defendant's various defenses applicable to each plaintiff; and fairness and procedural considerations.  *Id.*  It is in the second stage where the district court determines on a fuller record whether the action may go forward on a collective basis by determining whether opt-in plaintiffs are in fact "similarly situated."  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

The question of whether all plaintiffs are similarly situated is inherently an individualized inquiry.  *Myers v. Hertz Corp.*, 624 F.3d 537, 545 (2d Cir. 2010).  Thus, numerous courts have held that it is "essential for a defendant to take individualized discovery of opt-in plaintiffs to determine if they are 'similarly situated' within the meaning of the FLSA."  *Khadera v. ABM Indus. Inc.*, No. C08-417RSM, 2011 WL 3651031, at *3 (W.D. Wash. Aug. 18, 2011); *see also Forauer*, 2014 WL 2612044 at *3-4[2].

---

[2] *See also Abubaker v. City of Solano*, No. CIV S-06-2268 LKK EFB, 2008 WL 508911, at *1-2 (E.D. Cal. Feb. 22, 2008) (concluding individualized discovery of 160 FLSA plaintiffs was appropriate because defendant challenged whether plaintiffs were similarly situated); *Coldiron v. Pizza Hut*, No CV03-05865 TJH MCX, 2004 WL 2601180 (C.D. Cal. Oct. 25, 2004) (holding individualized discovery "is not only meaningful, but essential" when a defendant challenges the joinder of any party as similarly situated, permitting discovery from the 306 opt-ins); *Lee v. GAB Telecom, Inc.*, No. 12-cv-14104, 2013 WL 4041975 (E.D. Mich. Aug. 8, 2013) (allowing discovery of each opt-in and

Without assuming the burden of proof, Nova alleges that Plaintiffs are in fact not similarly situated.  Plaintiffs held disparate positions, had disparate job duties and responsibilities in terms of potential exemptions from overtime, and assuming Plaintiffs were even employed by Nova (which several were not), they worked during disparate time periods.  Thus, individualized written discovery is crucial to determine whether Plaintiffs should continue as a collective action.

### B.  Limited "Representational Discovery" is Inappropriate in this Case

"Courts declining to allow individualized discovery have authorized a defendant to depose only a 'statistically significant representative sampling' of the plaintiffs, particularly when the opt-in plaintiffs are numerous."  *Forauer*, 2014 WL 2612044 at \*3.  However, to establish a "statistically significant representative sampling" the class must be sufficiently numerous and "similarly situated" for a "statistically significant representative sampling" to even exist.  *See Smith v. Lowe's Home Ctrs, Inc.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006); *see also Rosen v. Reckitt & Coleman, Inc.*, 1994 WL 652534, \*3-4 (S.D.N.Y. Nov. 17, 1994) (rejecting plaintiffs' request for a representative sample of 50 opt-in plaintiffs as "fatally flawed as a matter of elementary statistics, because the size of the instant class is small," and ordering that defendants could depose all fifty plaintiffs).  Notably, courts have authorized individualized discovery in FLSA cases where there were significantly more opt-in plaintiffs than thirty.[3]

---

finding "no need to limit individualized discovery" in FLSA collective action); *Rivera v. UBM Enter., Inc.*, No. 3:12–cv–496–P, 2014 WL 462586, at \*3 (N.D. Tex. Feb. 5, 2014) (holding discovery should be individualized and finding "no basis to order that the case should proceed through representative testimony"); *Renfro v. Spartan Computer Servs., Inc.*, Civil Action No. 06-2284-KHV, 2008 WL 821950, at \*3-4 (D. Kan. Mar. 26, 2008) (affirming order allowing defendant to serve document requests and interrogatories on each opt-in plaintiff); *Krueger v. N. Y. Tel. Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) (authorizing discovery to all opt-in plaintiffs); *Kaas v. Pratt & Whitney*, No. 89-8343-CIV-PAINE, 1991 WL 158943, at \*5 (S.D. Fla. Mar. 18, 1991) (ordering 100 opt-in plaintiffs in ADEA collective action to respond to individualized interrogatories and requests for production); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097, at \*3 (W.D. Wash. Jul. 25, 2006) (permitting written and deposition discovery of all named and opt-in plaintiffs).

[3] *See e.g., Coldiron*, 2004 WL 2601180 at \*2 (306 opt-ins); *Krueger*, 163 F.R.D. at 451-52 (162 opt-in plaintiffs); *Kaas*, 1991 WL 158943 at \*5 (100 opt-in Plaintiffs); *See Stickle v. SCT W. Mkt. Support Ctr., L.P.*, No. CV-08-083-PHX-MHM, 2010 WL 3218598, at \*1 (D. Ariz. Aug. 13, 2010) (authorizing written discovery to 1,400 FLSA opt-in

Plaintiffs' Representative Class Objections are wholly inappropriate under the circumstances of this case because there are only thirty-one Plaintiffs. Although Plaintiffs will likely argue that courts have limited discovery to a statistically significant representative sampling for purposes of efficiency, these cases are generally inapposite because Plaintiffs are not "similarly situated" for purposes of the FLSA, and there cannot be a "statistically significant representative sampling." *Forauer*, 2014 WL 2612044 at *3-4.

As above, Nova alleges that Plaintiffs held disparate positions, had disparate job duties and responsibilities, and assuming Plaintiffs were even employed by Nova, they worked for Nova during disparate time periods. Therefore, the Court should compel Plaintiffs to respond to Nova's discovery because Plaintiffs are not numerous—only thirty-one—and the disparate factual circumstances prevents the creation of a truly statistically significant representative sample.

### C. Due Process and Principles of Fairness Dictate that Nova Should be Allowed Individualized Discovery

Due process concerns and notions of fairness make it "unfair and abusive for a plaintiff to file a lawsuit and then refuse to make himself available for reasonable questioning regarding his claims." *Ashby*, 311 F.3d at 1150. This is especially true in this case because any of the Plaintiffs may appear in person at trial. *See Davis v. Marathon Oil Co.*, 528 F.2d 395, 403-04 (6th Cir. 1975) (noting that the "primary purpose of the liberalized civil discovery rules" is to prevent "surprise to one's opponent" and holding that unfair surprise at trial "is contrary to the policy of the federal rules, which sanction extensive discovery.").

---

claimants concluding that it was reasonable for defendant to seek information about which sets of claims the opt-in plaintiffs alleged happened to them and that the information would be important and necessary for the Court to determine how many individuals were asserting which type of claims and for purposes of deciding defendant's decertification motion). *See also Daniel v. Quail Int'l, Inc.*, No. 3:07-cv-53(CDL), 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010) (permitting individualized discovery of 39 opt-in plaintiffs in FLSA action because plaintiffs failed to demonstrate that individualized discovery of 15 percent of the class was "statistically significant"); *Ingersoll*, 2006 WL 2091097 at * 3 (rejecting plaintiffs' request that the court "allow discovery of only a small representative sample" of a class of 36 plaintiffs because "the matter involves a relatively small total number of named and opt-in plaintiffs.")

Preventing Nova's right to discover from Plaintiffs would deny Nova its due process under the Fifth and Fourteenth Amendments to the United States Constitution, including its right to cross examination and right to mount a defense to Plaintiffs' claims. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 370 (D.N.J. 1987) ("To proceed without permitting [the defendant] to raise at the liability stage of trial each and every defense available to it where each potential class member is readily identifiable and must step forward in order to assert and prove an individual claim for liability or at least be the subject of a defense particular to such plaintiff would deprive Defendant of the Fifth Amendment right to due process.").

The fact intensive nature of Plaintiffs' individualized claims (how many hours each Plaintiff worked) and Nova's defenses (for example, most Plaintiffs were exempt supervisors while some did not even work for Nova) justify individualized discovery. For those same reasons articulated above, Nova alleges that Plaintiffs are in fact not similarly situated. Therefore, individualized written discovery is crucial to determine the actual duties performed by each Plaintiff because it is those duties which determine whether Plaintiffs were properly classified as exempt employees.

### D.  *Federal Rule 37 of Civil Procedure and Local Rule 7.1*

Rule 37 permits a party to "move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 7.1 requires a movant to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

Accordingly, on November 3, 2016, counsel for Nova made a good faith attempt to resolve this issue without court action by conferring with Plaintiffs' counsel. Plaintiffs' counsel is opposed to the relief requested in this motion.

### E. The Court Should Compel Plaintiffs to Respond to Nova's Interrogatories Nos 9 and 12 Because These Requests are Relevant to the Heart of Plaintiffs' Claims

Pursuant to Federal Rule of Civil Procedure 37, a court may compel responses to discovery if a party fails to respond to answer an interrogatory submitted under Federal Rule of Civil Procedure 33. Fed. R. Civ. P. 37(a)(3)(B)(iii).

When the Court intervenes in discovery, it has discretion in determining what the scope of discovery should be. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009). "[T]he actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of discovery requested. *Id.* (citing Fed. R. Civ. P. 26 advisory committee's note (2000)).

When an employer's records are inadequate to show how many hours its employees worked, the employees bear the burden of proving that they performed uncompensated work by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (superseded on other grounds by statute). Afterwards, the employer bears the burden to produce evidence either of the precise amount of work performed or which negates "the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88.

"The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

Fed. R. Civ. P. 33(b)(4); *see also Lucero v. Martinez*, No. CIV 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006).

**Interrogatory No. 9**

Phone records are relevant to the determination of the amount of uncompensated overtime. *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB, 2013 WL 6244155, at *1-3 (D. Kan. Dec. 3, 2013); *Ritz v. Directory Publ'g Solutions, Inc.*, No. 4:13cv01236 AGF, 2014 WL 1922957, at *4-5 (E.D. Mo. May 14, 2014); *see also Kamalu v. Walmart Stores, Inc.*, No. 1:13-cv-00627-SAB, 2013 WL 4403903, 119 Fair Empl. Prac. Cas. (BNA) 1223 (E.D. Cal. Aug. 15, 2013) (permitting discovery of phone records to support employer's defense that employee was fired for using phone at work); *Murray v. Carlsbad*, 08CV2121 BTM (AJB), 2010 WL 2612698, *2 (S.D. Cal. June 25, 2010) (cellular phone records are relevant to impeachment).

Phone records are relevant to the issue of the number of hours Plaintiffs' worked and might lead to admissible evidence. *Folger*, 2013 WL 6244155 at *2. In *Folger*, an employer defending an FLSA case for overtime wages sought identification of all telephone numbers—whether residential, mobile, facsimile, or other—utilized by plaintiff during the time that she was employed by the employer, as well as the corresponding service provider. *Id.* at *1. The court concluded that the plaintiff's phone records were relevant because it could lead to evidence that she did not work during the claimed hours. *Id.* at *2.

In *Ritz,* another FLSA case, plaintiffs asserted they worked uncompensated overtime and the employer sought discovery of plaintiffs' phone and internet records to show that plaintiffs were in fact not working during the alleged times. 2014 WL 1922957 at *1. The employer did not keep records of its employees' work hours. *Id.* The court ordered two of the plaintiffs to produce these records and found that those records were relevant to the employer's defense. *Id.* at *2. And

because the plaintiffs could not show that the discovery was overly burdensome or intrusive, the court ordered the remaining plaintiffs to produce their phone and internet records as well. *Id.* at *2.

Nova, like the employer's in *Folger* and *Ritz*, seeks the Plaintiffs' phone records to disprove Plaintiffs' claims regarding the amount of uncompensated overtime claimed. Because no records were maintained of Plaintiffs' work hours, Nova ultimately bears the burden to produce evidence either of the precise amount of work performed or which negates "the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88.

Nova seeks to discover what phone companies call "Call Detail Reports." These reports contain the time and duration of a call, the time a text message is sent, and the phone number of the other party to the communication. They do not contain the content of the text messages or phone calls, or the name, address, etc. of the other party to the communication.

The purpose of acquiring Plaintiffs' "Call Detail Reports" is to establish a pattern of phone usage by Plaintiffs. Whether Plaintiffs did or did not use their phones routinely for work is irrelevant. Instead, the relevance is in *when* they used their phones for non-employment purposes. With Plaintiffs' call detail reports, Nova will likely be able to show the Court a pattern of usage which demonstrates the average time of day when Plaintiffs ceased working.[4]

Before Plaintiffs' October 26, 2016 Representative Class Objections, none of the Plaintiffs objected to Interrogatory No. 9;[5] therefore, those Plaintiffs waived any possible objections and

---

[4] Assuming Plaintiffs routinely used their phones for work purposes, then calls and texts to Nova phone numbers will indicate employment related tasks. If those calls and texts do not occur beyond a specific time of day, then Plaintiffs were likely no longer engaged in work related activities as of that time.

On the other hand, if Plaintiffs' call detail reports show that Plaintiffs did not routinely call or text during each day but beginning at a specific time of day began to regularly call or text, then Plaintiffs' records once again establish an average time of day when Plaintiffs ceased working.

[5] *See* App. Exs. B-1 through B-24, containing 24 Plaintiffs' responses, without objection, to Interrogatory No. 9.

must supplement their responses.  For the reasons provided above, the remaining Plaintiffs' Representative Class Objections are unfounded.

If Nova is refused access to Plaintiffs' phone records, it will be denied an ability to mount a defense by producing evidence which negates "the reasonableness of the inference to be drawn from the [Plaintiffs'] evidence." *Id.* at 687-88.  Thus, the Court should order *all* Plaintiffs to fully respond to Interrogatory No. 9 so that phone records can be subpoenaed to determine phone use patterns, thereby demonstrating when Plaintiffs used their phones for work versus for personal reasons after work hours.

### *Interrogatory No. 12*

Evidence of an employee's post-separation work history can provide evidence that an employee was properly classified as an exempt employee under the executive or supervisor exemption.  *Cf. Folger*, 2013 WL 6244155, at *4 (pre-employment experience and education are discoverable to determine the learned professional exemption while post-separation experience and education are not because only prior experience and education are relevant to the learned professional exemption).

Here, Nova particularly seeks Plaintiffs' post-Nova employment history to evidence whether Plaintiffs represented to subsequent employers that they worked in exempt job positions or duties while working for Nova.  Nova's seeks this information because the relevant inquiry in this case is whether Plaintiffs' job duties *at Nova* entitle them to the protections of the FLSA, or whether they are exempt.  On October 28, 2016, Nova propounded Interrogatory No. 20 to Plaintiffs, tailoring its request for this information.[6]

---

[6] Interrogatory No. 20 states: "Identify by name, address, and telephone number any post-Nova employer where you either completed an application for employment, submitted a resume, or otherwise provided your post-Nova employer with information regarding your employment at Nova."

Plaintiffs' post-separation employment applications and resumes are relevant because of the executive or supervisor exemption.  Nova believes that Plaintiffs' post-separation employment applications and resumes may show that Plaintiffs advertised to subsequent employers in applications or resumes that they were exempt employees by virtue the job duties and responsibilities held at Nova.  Specifically, Nova believes that Plaintiffs may have characterized their Nova employment as including the regular supervision of two or more other employees, and the authority to assist in the hiring or firing of other employees.

Therefore, the Court should grant Nova's Motion to Compel *all* Plaintiffs' responses to Interrogatory No. 12 so that Nova can seek applications for employment and resumes Plaintiffs sent to subsequent employers, to see whether Plaintiffs represented themselves to subsequent employers as having worked for Nova as exempt employees.

### III.
### ATTORNEY'S FEES

When a motion for an order compelling discovery is granted under Fed. R. Civ. P. 37, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

To avoid imposition of attorney's fees, Plaintiffs must show that its nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust.  *Id.*

Plaintiffs' Representative Class Objections are not substantially justified because they stand in direct contravention with this Court's scheduling order, which explicitly permits a "twenty-five (25) Interrogatories, including all discrete subparts, **by each party to any other**

---

**party** (responses due <u>30</u> days after service);" Plaintiffs have ceased responding to Nova's discovery. Dkt. 81 (emphasis added).  Further, Plaintiffs already agreed to this scope of discovery when they participated in filing the Joint Status Report and Provisional Discovery Plan.  *See* Dkt. 75 (authorizing "25 interrogatories by each party to any other party.").

Accordingly, Nova had to file this motion and asks this Court to award its reasonable and necessary attorney's fees and costs related to this motion in the amount of $977.50.  *See* App. Ex. D and D-1 (Bustos Affidavit).

**IV.**
**CONCLUSION**

The Court should grant Nova' Motion to Compel Discovery because due process and notions of fairness dictate that Nova have the opportunity to conduct a reasonable level of discovery at: (1) the decertification stage, (2) the summary judgment stage, and (3) the trial stage. Further, it is unfair and abusive for Plaintiffs to argue that they can assert and pursue highly individualized claims while refusing "to make [themselves] available for reasonable questioning regarding [their] claims."  *See Ashby*, 331 F.3d at 1150.

Plaintiffs' Representative Class Objections are unfounded because they violate this Court's scheduling order.  Further, the objections are unworkable because there is no "representative" sample of Plaintiffs when there are *only* thirty-one Plaintiffs, who each worked during different time-periods, held different positions, and performed different duties.  If the Court limits discovery to a mere sample of Plaintiffs, it would amount to a judicial pre-judging in violation of Nova's rights that this case may be discovered, and ultimately tried, on a representative basis.

The fact intensive nature of Plaintiffs' individualized claims and Nova's defenses justify individualized discovery.  Interrogatory No. 12 contemplates whether *Plaintiffs* considered themselves to be exempt employees because of their duties and responsibilities.   While

---

Interrogatory No. 9 will demonstrate when Plaintiffs ceased working each day. Nova's individualized written discovery is crucial to determine the number of hours worked and the actual duties performed by each Plaintiff, thereby defending against Plaintiffs' claims.

## V.
## PRAYER

WHEREFORE, Nova respectfully requests that this Court grant Nova's Motion to Compel Discovery, and that the Court award Nova its attorney's fees incurred in filing its Motion to Compel to Discovery. Nova further requests all other relief, in law or in equity, to which it is justly entitled.

Respectfully submitted,

/s/ Fernando M. Bustos
FERNANDO M. BUSTOS
Texas Bar No. 24001819
Email: fbustos@bustoslawfirm.com
AARON M. PIER
Texas Bar No. 24041694
Email: apier@bustoslawfirm.com
Bustos Law Firm, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79401
(806) 780-3976
(806) 780-3800 FAX

DUSTIN N. SLADE
State Bar No. 142990
Email: dslade@sladelawfirm.com
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
(505) 566-3705
(806) 780-3800 FAX

COUNSEL FOR DEFENDANT

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on November 3, 2016, I conferred with James M. Loren, and Mr. Loren stated he is opposed to the relief requested in this motion.

*/s/ Fernando M. Bustos*
Fernando M. Bustos


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this document with the Clerk of the Court, using the electronic filing system of the Court, on the 4th day of November 2016, and service was made to all counsel of record using the ECF system.

*/s/ Fernando M. Bustos*
Fernando M. Bustos