# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## APPENDIX IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Respectfully submitted,

*/s/ Fernando M. Bustos*
FERNANDO M. BUSTOS
Texas Bar No. 24001819
Email: fbustos@bustoslawfirm.com
AARON M. PIER
Texas Bar No. 24041694
Email: apier@bustoslawfirm.com
Bustos Law Firm, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79401
(806) 780-3976
(806) 780-3800 FAX

DUSTIN N. SLADE
State Bar No. 142990
Email: dslade@sladelawfirm.com
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
(505) 566-3705
(806) 780-3800 FAX

COUNSEL FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this document with the Clerk of the Court, on this 4th day of November, and service was made to all counsel of record, using the ECF system.


*/s/ Fernando M. Bustos*
Fernando M. Bustos

# APPENDIX

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A | Defendant's First Set of Interrogatories to Plaintiff Jarrod B. Foster |
| B-1 | Plaintiff Thomas Bergman's Responses to Defendant's First Set of Interrogatories |
| B-2 | Plaintiff Noel Aguire's Responses to Defendant's First Set of Interrogatories |
| B-3 | Plaintiff Robert Tyler Wilkins' Responses to Defendant's First Set of Interrogatories |
| B-4 | Plaintiff Christopher Bell's Responses to Defendant's First Set of Interrogatories |
| B-5 | Plaintiff Jarod Foster's Responses to Defendant's First Set of Interrogatories |
| B-6 | Plaintiff Jarod Foster's Responses to Defendant's First Set of Interrogatories |
| B-7 | Plaintiff Cody Granado's Responses to Defendant's First Set of Interrogatories |
| B-8 | Plaintiff Larry Wilson, Jr.'s Responses to Defendant's First Set of Interrogatories |
| B-9 | Plaintiff Bryan Naatz's Responses to Defendant's First Set of Interrogatories |
| B-10 | Plaintiff Kevin Perez's Responses to Defendant's First Set of Interrogatories |
| B-11 | Plaintiff Michael Schlabach's Responses to Defendant's First Set of Interrogatories |
| B-12 | Plaintiff Christian Clayton's Responses to Defendant's First Set of Interrogatories |
| B-13 | Plaintiff Jason Hayes' Responses to Defendant's First Set of Interrogatories |
| B-14 | Plaintiff Kameron Owens-Hiebert's Responses to Defendant's First Set of Interrogatories |
| B-15 | Plaintiff Johnathon Pitman's Responses to Defendant's First Set of Interrogatories |
| B-16 | Plaintiff Jordan Emig's Responses to Defendant's First Set of Interrogatories |
| B-17 | Plaintiff Nathaniel Rose's Responses to Defendant's First Set of Interrogatories |
| B-18 | Plaintiff Kiplagat Soimo's Responses to Defendant's First Set of Interrogatories |
| B-19 | Plaintiff Naamon Barkley's Responses to Defendant's First Set of Interrogatories |
| B-20 | Plaintiff Cody Byer's Responses to Defendant's First Set of Interrogatories |
| B-21 | Plaintiff Daryl Miller's Responses to Defendant's First Set of Interrogatories |
| B-22 | Plaintiff Michael Etheridge's Responses to Defendant's First Set of Interrogatories |
| B-23 | Plaintiff Lincoln McNabb's Responses to Defendant's First Set of Interrogatories |
| B-24 | Plaintiff Luther Dodd III's Responses to Defendant's First Set of Interrogatories |
| C-1 | Plaintiff Felix Boit's Responses to Defendant's First Set of Interrogatories |
| C-2 | Plaintiff Isaac Garcia's Responses to Defendant's First Set of Interrogatories |
| C-3 | Plaintiff Antonio Martinez's Responses to Defendant's First Set of Interrogatories |
| C-4 | Plaintiff Raul Miranda's Responses to Defendant's First Set of Interrogatories |

| C-5 | Plaintiff Joseph Robert's Responses to Defendant's First Set of Interrogatories |
|-----|---------------------------------------------------------------------------------|
| C-6 | Plaintiff Marcus Whitfill's Responses to Defendant's First Set of Interrogatories |
| D   | Affidavit of Fernando M. Bustos |
| D-1 | Redacted Billing Records from the Bustos Law Firm |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO**
**PLAINTIFF JARROD B. FOSTER**

Pursuant to Federal Rule of Civil Procedure 33, Defendants NOVA HARDBANDING, LLC and KENNETH BROMLEY ("Nova" or "Defendant") propound the following Interrogatories to Plaintiff JARROD B. FOSTER ("Plaintiff"), to be answered separately and in writing, under oath, within the time required by the Federal Rules of Civil Procedure.  These Interrogatories are continuing in nature and require supplementation and amendment to the extent called for and required by the Federal Rules of Civil Procedure.  For purposes of these Interrogatories, the following definitions and instructions shall apply.

**I.**

**DEFINITIONS & INSTRUCTIONS**

1.    **Definitions**

    (a)    The word "document" means the original and all drafts of any and all written and graphic matter, however produced, reproduced, or stored (electronically or otherwise), of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineations, date-stamp, notation, indication of copies sent or received, or otherwise) including, without limitation, any paper, book, account, photograph,



blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, telefax, object, report, opinion, investigation, record, hard drive, Zip file, compressed computer file, emails, transcript, hearing, meeting, insurance agreement, receipt, prescription, medical record, telephone book, tax record, diary, calendar, study, note or notation, working paper, summary, intra-office communication, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, record, recording or summary of any telephone or other conversation, interview or conference, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter of which you have or have had possession, custody, or control, or of which you have knowledge.

(b)     "You," or "Plaintiff" shall mean Plaintiff Jarrod B. Foster.

(c)      "Person" shall include natural persons, proprietorships, partnerships, firms, corporations, institutions, joint ventures, estates, receivers, public corporations, other forms of legal entity, municipal corporations, federal, state and local governments, all branches, departments and agencies thereof, and any other governmental agencies, political subdivisions, groups, associations or organizations, or any other group or combination acting as an entity.

(d)     "Communication" shall mean any manner or form of information, memorandum, note or message transmission, however produced or reproduced, whether by document, as herein defined, orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units; and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly, to a communication.

(e)     Unless otherwise indicated in the specific request, these requests are limited to the time period from January 1, 2010 to the present.

2

2.      **Claim of Privilege**

If you contend that an Interrogatory or any portion thereof calls for privileged information in whole or in part (including any information that you may claim to be within the work product doctrine), or if you otherwise object to any part of an Interrogatory:

(a)      State in detail the factual basis for said objection;

(b)      State the nature of the privilege asserted;

(c)      Identify each person having knowledge of the factual basis on which the privilege or objection is asserted;

(d)      Identify any documents relating to the objection or claim of privilege.

3.      **Lost or Destroyed Documents**

In the event any or all documents identified herein are no longer in your possession because of destruction, loss, or any other reason, identify:

(a)      The document no longer in your possession;

(b)      The person or persons who sent and received the original or any copy of the document;

(c)      Describe in as much detail as possible the contents of the document; and

(d)      State the manner and date of disposition of the document.

## II.

## <u>INTERROGATORIES</u>

1.     Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**<u>Response:</u>**

2.     For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**<u>Response:</u>**

3.     Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**<u>Response:</u>**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**<u>Response:</u>**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**<u>Response:</u>**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**<u>Response:</u>**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response:**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response:**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Response:**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response:**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response:**


12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Response:**


13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response:**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**<u>Response:</u>**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**<u>Response:</u>**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**<u>Response:</u>**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

    a)     Describe the form of the communications;

    b)     Identify any parties to the communications;

    c)     State the time and date of the communications;

    d)     State the place of the communications;

    e)     State the substance of the communications;

    f)     Identify any witnesses to the communications;

    g)     Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response:**


18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit?  If so, with regard to each such investigation:

    a.     Identify the person who initially requested that the investigation be undertaken.

    b.     Give the dates on which the investigation was initiated and completed.

    c.     Identify all persons who were responsible for conducting the investigation.

    d.     Identify all persons who did any work whatsoever in connection with the investigation.

9

e.       Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

 **Response:**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

 **Response:**

Respectfully submitted,

*/s/ Fernando M. Bustos*
FERNANDO M. BUSTOS
Texas Bar No. 24001819
Email: fbustos@bustoslawfirm.com
AARON M. PIER
Texas Bar No. 24041694
Email: apier@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79401
(806) 780-3976
(806) 780-3800 FAX

DUSTIN N. SLADE
State Bar No. 142990
Email: dslade@sladelawfirm.com
SLADE LAW FIRM
5101 College Boulevard
Farmington, New Mexico 87402
(505) 566-3705
(806) 780-3800 FAX
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 23rd day of May, 2016, served as follows:

**VIA CERTIFIED MAIL**
**RRR #7006 0100 0005 5502 9527**
James M. Loren
George Z. Goldberg
Goldberg & Loren, PA
3102 Maple Ave, Suite 450
Dallas, Texas 75201
***Counsel for Plaintiff***

*/s/ Fernando M. Bustos*
FERNANDO M. BUSTOS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## PLAINTIFF THOMAS BERGMAN'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 6, 2016 upon the following as per the service list attached below.

> Loren Law Group
> 100 S. Pine Island Road, Suite 132
> Plantation, FL 33324
> Phone:          (954)585-4878
> Facsimile:      (954)585-4886
> E-Mail:          JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-1**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
        apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

> **Response: The only individuals who come to mind are Jarrod Foster, Christopher Bell, Dustin Contreras, Cody Granado, Jeremy Bell, Derrick Torres, and Frankie Acevedo. I do not have any contact information for these people, but I know that the have information regarding the work I performed and the overtime hours I worked without getting paid properly.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

> **Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

> **Response: I spoke with Jeremy Bell and Jarrod Foster a few days before I joined the lawsuit. I spoke with Jeremy about two checks he received from Nova Hardbanding totaling $1,300 and that he could not join the lawsuit because he received these checks previously. When I spoke with Jarrod Foster he was able to provide me with the phone number to contact my attorneys to join the lawsuit.**

3

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: I have spoken with my wife and mom about this lawsuit a few days before I joined. I mainly just asked them for advice and let them know I was joining the lawsuit.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked anywhere from 70 to 90 hours every week I worked for Defendant. There were even some weeks I worked as many as 109 hours.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

4

**Response: I believe I am owed $4,928.32 in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I have a W-2 from 2014.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have an iPhone smart phone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: I have a W-2 from 2014.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: I have a W-2 from 2014.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been

5

employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

> **Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.    Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.    Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.    Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant? If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant. For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response:** **See response to interrogatory response # 17.**

19.      Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response:** **My attorney has a copy of my W-2 from 2014.**

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

*Thomas bergman*
Thomas bergman (Jul 13, 2016)
_____
Plaintiff


Date:_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## PLAINTIFF NOEL AGUIRE'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 10, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-2**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
         apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

> **Response:** **The only individuals who come to mind are Jake Smith, Correy Aubrey, James Smith, and a supervisor/manager named Correy whose last name I do not recall. I do not have any contact information for these people, but I know that they have information on the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

> **Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

> **Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.     Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.     Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked 80 plus hours every week I worked for Defendant.**

7.     Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $1,350.00 in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.     Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.     Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a smart phone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross,

weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to my supervisor Jake Smith that the work**

**conditions and hours were too much and bonuses were not being paid. Jake Smith and Correy began an investigation, but I do not know what came of it. I do not recall the time, date, or location of the communications.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

_____
Plaintiff

Date:_____