UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JARROD B. FOSTER, | § | |
| on behalf of himself | § | |
| and all others similarly situated, | § | |
| Plaintiff, | § | NO.  2:15-CV-01047-CG-LAM |
| | § | |
| v. | § | |
| | § | |
| NOVA HARDBANDING, LLC and | § | |
| KENNETH BROMLEY, | § | |
| Defendants. | § | |

## PLAINTIFF ROBERT TYLER'S WILKINS'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 18, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:    (954)585-4886
E-Mail:       JLoren@Lorenlaw.com

James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT B-3**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
          apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

> **Response: The only individuals who come to mind are Kirk Pearson, Corey Hunter, (Supervisor) and Alex Magaellenez (Hand). I do not have any contact information for these people, but I know that they have information on the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

> **Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

> **Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the
hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime
premiums to drill pipe hands/operators.**

5.    Identify each person (other than your attorney) with whom you have discussed the
reason(s) for your claims against the Defendant and/or the circumstances surrounding your
claims against the Defendant.  For each such person, state the date of each communication, the
persons present during each communication, and the content or substance of each
communication.

**Response: I spoke to Jarrod Foster in June of 2016. He was able to provide me with
the pertinent information to contact my attorneys and join the lawsuit.**

6.    Identify each calendar week you claim you worked more than 40 hours per week
while employed by Defendant.  For each calendar week you claim you worked more than 40
hours per week, state the facts upon which you base that allegation, including the identification
of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly
118 hours every week from November of 2013 until November of 2014.**

7.    Identify the amount of money, if any, you are seeking from Defendant in this
action, including the basis for your claim that you are entitled to each such amount, and the
methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed \$46,377.76[1] in back wages and liquidated damages.
This amount is exclusive of my attorney's fees and costs. As discovery is ongoing,
this amount is subject to change.**

---

[1]

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I have a few paystubs, a visual acuity record, and an Excel spreadsheet that shows the various rigs I performed work on.  I received these documents as part of my employment with Defendant and then provided them to my attorneys.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a smartphone LG Rebel, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

---

My salary of $3000 per month amounts to a regular rate of $5.87 per hour, plus my half time rate of $3.62 for all hours worked over 40.  This amount also includes my back wages for Defendant's minimum wage violation.

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection: Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in

6

which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

    a)     Describe the form of the communications; I

    b)     Identify any parties to the communications;

    c)     State the time and date of the communications;

    d)     State the place of the communications;

    e)     State the substance of the communications;

    f)     Identify any witnesses to the communications;

g)     Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to my operations manager Corey Hunter that the work conditions and that the hours were too much and bonuses were not being paid. No investigation was ever made.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.     Identify the person who initially requested that the investigation be undertaken.

b.     Give the dates on which the investigation was initiated and completed.

c.     Identify all persons who were responsible for conducting the investigation.

d.     Identify all persons who did any work whatsoever in connection with the investigation.

e.     Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.   If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

Robert Wilkins (Jul 20, 2016)
_____
Plaintiff


Date:_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## PLAINTIFF CHRISTOPHER BELL'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 10, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT B-4**

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
          apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## <u>INTERROGATORIES</u>

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**<u>Response:</u>  The only individuals who come to mind are Thomas Bergman (Inspector), Derick Torres (Inspector), and Jarrod Foster (Inspector). I do not have any contact information for these people, but I know that the have information on the work I performed and and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**<u>Response:</u> Jarrod Foster.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**<u>Response:</u> I spoke to Thomas Bergman in January of 2016. He was able to provide me with the pertinent information to contact my attorneys and join the lawsuit.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked anywhere from 70 to 90 hours every week I worked for Defendant. There were even some weeks I worked as many as 100 hours**.

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $10,153.84 in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

4

8.     Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.     Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung S7 smart phone and Apple laptop, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross,

weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

> **Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

> **Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: I failed to timely pay a citation related to a speeding ticket and was arrested in Parker County but later resolved the matter. Also I am paying child support; I do not have case numbers in these matters.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: See response to #14 above.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: No.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

*Christopher V. Bell*
Christopher V. Bell (Sep 15, 2016)
_____

Plaintiff


Date:_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## PLAINTIFF JARROD FOSTER'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 10, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-5**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
            apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response:** **The only individuals who come to mind are Noel Aguirre (inspection helper), Naamon Barkley (Inspector), Christopher Bell (operator/inspector and supervisor), Thomas Bergman (inspection helper), Clayton Christian (operator), Luther Dodd III (hardbanding helper), Jordan Emig (inspector), Cody Granado (inspection helper), Jason Hayes (inspection helper), Daryl Miller (inspector), Bryan Naatz (inspection helper), Kameron Owens-Hiebert (inspection helper), Kevin Perez (inspection helper), Michael Schlabach (inspection helper), Kiplagat Soimo (inspector), Derrick Torres (inspection helper), Robert Wilkins (inspection helper/ inspector), Larry Wilson Jr. (hardbend helper/truck driver). I do not have any contact information for these people, but I know that the have information on the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

3

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

> **Response: I provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

> **Response: I spoke to my father and wife around the time I was deciding to join the lawsuit. We discussed the substance of the lawsuit and I asked for advice if I should proceed with the lawsuit and the consequences it might bring.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

> **Response: I do not recall the specific calendar weeks, but I believe I worked roughly 100 hours every week while working for Defendants from on or about November 9, 2014 through on or about April 12, 2015.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $16,560.00[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have an IPhone 5 smartphone and a dell computer, but I am not sure of the exact make and model, operating systems, software and applications.**

---

[1]

My salary of $5,200 per month amounts to a regular rate of $12.00 per hour, plus my half time rate of $6.00 for all hours worked over 40.

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection: Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates

you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: None.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to my supervisors Cody Hunter, Robert Nick, Krak Peterson, Josh Bankston, Kim Romley and Scott Romley that the work conditions and hours were too much and bonuses were not being paid. I do not recall the time, date, and place of such communications.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current

custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17. As far as I am aware, no investigation was ever initiated.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

Jarrod Blaine Foster (Jul 31, 2016)
_____
Plaintiff


Date:_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF MATEO QUINONES' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 10, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT B-6**

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
              apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

>   **Response:** **The only individuals who come to mind are Mark Gavel, Juan Corral, Joe Missler, Joseph Brownlee, Shane Perini, Jarod Foster, Larry Wilson, Jesse Weatherford, Adrian, Brian Alexander, Mike Etheridge, Cesar Almaguez, Robert (unknown last ), Haytea Conner, and Antonio (unknown last name) . I do not have any contact information for these people, but I know that they have information on the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

>   **Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

>   **Response: I spoke to Mark Gavel, Juan Corral, and Joseph Missler on or about sometime in June or July of 2016. We were curious about what each individual believes this lawsuit might turn out to be once it is over.**

4.     Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response:** **Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.     Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response:** **None.**

6.     Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response:** **I do not recall the specific calendar weeks but I believe I worked anywhere from 60 to 80 hours per week while working for defendant.**

7.     Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

4

**Response: I believe I am owed $39,115.51[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a LG Grand Prime smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

---

[1]

My salary of $3,000 per month amounts to a regular rate of $8.65 per hour, plus my half time rate of $4.33 for all hours worked over 40.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the

identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: None.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

   a)      Describe the form of the communications;

   b)      Identify any parties to the communications;

   c)      State the time and date of the communications;

   d)      State the place of the communications;

   e)      State the substance of the communications;

   f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to my supervisors Dakota (unknown last name), and Cody Hunter that the work conditions and hours were too much and bonuses were not being paid. They never started an investigation based on my complaints.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

Mateo Quinones (Aug 29, 2016)

_____

Plaintiff

Date:_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| JARROD B. FOSTER, | § | |
| on behalf of himself | § | |
| and all others similarly situated, | § | |
| Plaintiff, | § | NO. 2:15-CV-01047-CG-LAM |
| | § | |
| v. | § | |
| | § | |
| NOVA HARDBANDING, LLC and | § | |
| KENNETH BROMLEY, | § | |
| Defendants. | § | |

### PLAINTIFF CODY GRANADO'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 14, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:      (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT B-7**

## SERVICE LIST

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
             apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:     (800) 719-1617
Direct Line:     (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## <u>INTERROGATORIES</u>

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**<u>Response:</u> The only individuals who come to mind are Jarrod Foster (Manager) and Thomas Bergman (Hand Technician).  I do not have any contact information for these people, but I know that they have information on the inspections I performed, how I cleaned the pipes using chemicals, and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**<u>Response:</u> Jarrod Foster.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**<u>Response:</u> None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.     Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.     Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 90 to 105 hours every week while working for Defendant.**

7.     Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $46,310.00[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

---

[1] My salary of $2,400 per month amounts to a regular rate of $6.58 per hour, plus my half time rate of $3.63 for all hours worked over 40. This calculation takes into account the difference between my regular rate and the minimum wage as well

4

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I believe I still have some paystubs related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung Galaxy S7 Edge smarthone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: I believe I still have some paystubs.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: I believe I still have some paystubs.**

12.      Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been

employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: I am involved in my divorce in the court of Lovington, New Mexico. This has not been resolved, and I do not have the case number in this matter.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

  a)      Describe the form of the communications;

  b)      Identify any parties to the communications;

  c)      State the time and date of the communications;

  d)      State the place of the communications;

  e)      State the substance of the communications;

  f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

_____ Cody Granado _____
Cody Granado (Jul 18, 2016)
_____

Plaintiff


Date:_____