**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO. 2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

**PLAINTIFF LARRY JR. WILSON'S RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves

responses to Defendants' Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on
July 14, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT
B-8**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
         apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind are Mateo Quinones (Hand) (575-942-5729), Luther Dodd (Hand) (912-286-9897), and Jarrod Foster (Supervisor). These guys have information regarding the drilling I performed, how I cleaned the pipes using chemicals, use a machine to hardband pipes and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: I spoke to Jarrod Foster, Mateo Quinones and Luther Dodd before joining the lawsuit.  Jarrod was able to provide me with the pertinent information to contact my attorneys and join the lawsuit; I provided this information to Mateo Quinones and Luther Dodd.**

3

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response:** **Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response:** **None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response:** **I do not recall the specific calendar weeks but I believe I worked 80 to 120 hours every week while working for defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

4

**Response: I believe I am owed $34,128.74[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.     Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.     Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung S4 smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

---

1

       My salary of $3,000 per month amounts to a regular rate of $6.92 per hour, plus my half time rate of $3.62 for all hours worked over 40 from October of 2013 to June 2014. Included in my calculation is wages owed for Defendant's minimum wage violations. I left and came back to work on August 2014 with my salary of $4,000 per month amounts to a regular rate of $9.23 per hour, plus my half time rate of $4.62 for all hours worked over 40.

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: I was involved in a Child Custody Hearing the case number is 08CVD2686, this Hearing took place in Iredell County, North Carolina. This was resolved as me taking Custody of my Daughter.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: None.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

7

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**<u>Response:</u> I would make oral complaints to the supervisors specially Dakota Dimmeran that the work conditions and hours were too much and bonuses were not being paid. There was no investigation initiated on this matter. I do not recall the time, date, or location of the communications..**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current

8

custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.    Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above

interrogatory responses are true and correct and based on personal knowledge.

Plaintiff Larry Wilson, Jr.

Date: 7-18-16

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF BRYAN NAATZ'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 18, 2016 upon the following as per the service list attached below.

> Loren Law Group
> 100 S. Pine Island Road, Suite 132
> Plantation, FL 33324
> Phone:          (954)585-4878
> Facsimile:     (954)585-4886
> E-Mail:        JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**

**B-9**

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
         apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind is Joseph Misheer (hardbander). I do not have any contact information for him, but I know that he has information on the inspections of the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 100 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $5,003.80[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For

---

[1]

My salary of $3,000 per month amounts to a regular rate of $6.92 per hour, plus my half time rate of $3.63 for all hours worked over 40. This amount is inclusive of my back wages for Defendant's minimum wage violation.

4

each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung Galaxy S6 edge smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer,

and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: None.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to my supervisor Corey Hunter that the**

7

**work conditions and hours were too much and bonuses were not being paid. I do not**

**know if an investigation began on this matter. I do not recall the exact time, date, or**

**location of the communications.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

　　a.     Identify the person who initially requested that the investigation be undertaken.

　　b.     Give the dates on which the investigation was initiated and completed.

　　c.     Identify all persons who were responsible for conducting the investigation.

　　d.     Identify all persons who did any work whatsoever in connection with the investigation.

　　e.     Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

　　**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

　　**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

*Bryan naatz*
Bryan naatz (Jul 24, 2016)
_____
Plaintiff


Date:_____

9

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF KEVIN PEREZ'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 18, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:   (954)585-4886
E-Mail:       JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT
B-10**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
            apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind are Andy (Unknown last name) (Supervisor), Noe Perez (Hand), and Jose Jimenez (Hardbander). I do not have any contact information for these people, but I know that the have information on the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: I spoke to Noe Perez and Jose Jimenez in June of 2016. They were able to provide me with the pertinent information to contact my attorneys and join the lawsuit.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

3

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 85 hours every week from June of 2014 until January of 2015.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $12,095.06[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

---

[1]

My salary of $3,000 per month amounts to a regular rate of $8.14 per hour, plus my half time rate of $4.07 for all hours worked over 40.

4

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a smartphone IPhone 6, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.      Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross,

weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: None.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

7

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

**PLAINTIFF MICHAEL SCHLABACH'S RESPONSES TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves

responses to Defendants' Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on
July 18, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:         (954)585-4878
Facsimile:    (954)585-4886
E-Mail:        JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-11**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
          apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind are Jarrod Foster (Operator) and Tyler Wilkins (Inspection Hand). I do not have any contact information for these people, but I know that they have information on the inspections I performed, how I cleaned the pipes using chemicals, and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: Jarrod Foster.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.    Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.    Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked 70 hours every week while working for Defendant from on or about November 2013 through on or about March 2014.**

7.    Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

4

**Response: I believe I am owed $6,141.79[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.     Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: None.**

9.     Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung S7 Edge smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

---

[1] My salary of $4,800 per month amounts to a regular rate of $9.24 per hour, plus my half time rate of $4.62 for all hours worked over 40.

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in

which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response:** **None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response:** **None.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response:** **No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)     Describe the form of the communications;

b)     Identify any parties to the communications;

c)     State the time and date of the communications;

d)     State the place of the communications;

e)     State the substance of the communications;

f)     Identify any witnesses to the communications;

7

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

*Michael Schlabach*
Michael Schlabach (Aug 27, 2016)
_____
Plaintiff


Date:_____

9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

<u>**PLAINTIFF CHRISTIAN CLAYTON'S RESPONSES TO DEFENDANT'S**</u>
<u>**FIRST SET OF INTERROGATORIES**</u>

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves

responses to Defendants' Interrogatories.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on
July 19, 2016 upon the following as per the service list attached below.

> Loren Law Group
> 100 S. Pine Island Road, Suite 132
> Plantation, FL 33324
> Phone:          (954)585-4878
> Facsimile:     (954)585-4886
> E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-12**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
           apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind are Aldo Mares (Supervisor), Dennis Thomas (hardbander), and Joseph Robert (hardbander/supervisor). I do not have any contact information for these people, but I know that they have information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: I spoke to Joseph Robert and Dennis (unknown last name) in June of 2016. They were able to provide me with the pertinent information to contact my attorneys and join the lawsuit.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

3

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 120 hours every week from on or about November of 2014 through on or about February of 2016; then from on or about February of 2016 until the present my hours were reduced to 40 without the possibility of working overtime.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $47,999.90[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

---

[1]

My salary of $4,800 per month amounts to a regular rate of $9.24 per hour, plus my half time rate of $4.62 for all hours worked over 40.

5

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection: Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the

identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: I am involved in my divorce in the court of Lovington, New Mexico. This has not been resolved, and I do not have case number in this matter.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

    f)      Identify any witnesses to the communications;

    g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

    a.      Identify the person who initially requested that the investigation be undertaken.

    b.      Give the dates on which the investigation was initiated and completed.

    c.      Identify all persons who were responsible for conducting the investigation.

    d.      Identify all persons who did any work whatsoever in connection with the investigation.

    e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the
above interrogatory responses are true and correct and based on personal knowledge.

Clayton Christian (Aug 27, 2016)
_____
Plaintiff


Date:_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## PLAINTIFF JASON HAYES' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 19, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-13**

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
        apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

> **Response:** **The only individuals who come to mind are Tyler Wilken (Hardbander), Jarrod Foster (Supervisor), and Kirk Pearson (Head Supervisor). I do not have any contact information for these people, but I know that the have information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

> **Response:** **Jarrod Foster.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

> **Response:** **I spoke to Tyler Wilken and Jarrod Foster in November of 2015. They were able to provide me with the pertinent information to contact my attorneys and join the lawsuit.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

3

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.    Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: See response to Interrogatory #3.**

6.    Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 80 to 120 hours every week while working for Defendant.**

7.    Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $8,006.08[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

---

[1]

My salary of $3,000 per month amounts to a regular rate of $7.25 per hour, plus my half time rate of $3. for all hours worked over 40.

4

8.     Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.     Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung Galaxy S6 smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.    Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.    Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.    Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross,

weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: I am presently a party to a divorce proceeding. However, I do not know the style and number of the case or what court it is proceeding in.**

15.    Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: None.**

16.    Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.    Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)    Describe the form of the communications;

b)    Identify any parties to the communications;

c)    State the time and date of the communications;

d)    State the place of the communications;

e)    State the substance of the communications;

f)    Identify any witnesses to the communications;

g)    Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: Jarrod Foster, Tyler Wilken and I made a complaint to the payroll**

7

**manager, whose name I do not recall, about the work conditions and that the hours were too much and bonuses were not being paid. I do not know if an investigation began on this matter. I do not recall the time, date, or location of the communications.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.     Identify the person who initially requested that the investigation be undertaken.

b.     Give the dates on which the investigation was initiated and completed.

c.     Identify all persons who were responsible for conducting the investigation.

d.     Identify all persons who did any work whatsoever in connection with the investigation.

e.     Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

_____
Plaintiff

Date: July 28 2016

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF KAMERON OWENS-HIEBERT'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 19, 2016 upon the following as per the service list attached below.

> Loren Law Group
> 100 S. Pine Island Road, Suite 132
> Plantation, FL 33324
> Phone:          (954)585-4878
> Facsimile:     (954)585-4886
> E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT B-14**

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
         apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind are Jarrod Foster, whose phone number is 575-263-4526, Johnathan Pitman (hand), Nimrod Lelei (BHA), Brian (Unknown last name) (hand), Justin Bates (hand), Corey (unknown last name) (operator). I do not have any contact information for all of these people, but I know that they have information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: Jarrod Foster.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

3

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 60 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed \$4,237.52[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

---

[1] My salary of \$1,800 per month amounts to a regular rate of \$6.92 per hour, plus my half time rate of \$3.62 for all hours worked over 40. This amount is inclusive of my back wages and damages for Defendant's minimum wage violations.

4

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Galaxy Grand Prime smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross,

weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

> **Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

> **Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

> **Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to Jarrod Foster that the work conditions**

7

**and hours were too much and bonuses were not being paid. No investigation was initiated. I do not recall the time, date, or location of the communications.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

<u>**PLAINTIFF JOHNATHON PITMAN'S RESPONSES TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES**</u>

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 25, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

EXHIBIT
**B-15**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
          apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response:** **The only individuals who come to mind are Jarrod Foster (575) 263-4526, Tyler Wilkins (575) 915-5143, Kameron Owens (575_ 942-7220, and Sean Perini (575) 602 3158. I do not have any additional contact information for these people, but I know that they have information regarding the work I performed and and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response:** **Jarrod Foster.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response:** **I spoke to Jarrod Foster prior to joining the lawsuit in November of 2015. He was able to provide me with the pertinent information to contact my attorneys and join the lawsuit.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: See response to interrogatory # 4.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks, but I believe I worked anywhere from 80 to 100 hours every week I worked for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

4

**Response: I believe I am owed $10,769.27[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a iPhone 5 smart phone and tablet laptop, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

---

[1] This amounts to a regular rate of $7.69 and an additional half time rate of $3.84 for every hour worked over 40 in a workweek.

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in

which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

   a)      Describe the form of the communications;

   b)      Identify any parties to the communications;

   c)      State the time and date of the communications;

   d)      State the place of the communications;

   e)      State the substance of the communications;

   f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: See response to interrogatory # 4.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: While employed with Defendant I complained to Jarrod Foster regarding the hours we were working and our pay; however, I do not recall the exact dates these conversations took place. As far as I am aware, no investigation took place.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

Jonathan pitman (Jul 31, 2016)

_____

Plaintiff


Date:_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## PLAINTIFF JORDAN EMIG'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on July 29, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-16**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
             apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response:** **The only individual who comes to mind is Darren Dunaway (inspection hand). I do not have any contact information for him, but I know that knowledge regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

3

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked approximately 80 to 100 hours every week while working for defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $12,564.07[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

---

[1]

My salary of $4,000 per month amounts to a regular rate of $8.97 per hour, plus my half time rate of $4.49 for all hours worked over 40.

4

8.     Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response:** **Please see documents produced with my Requests for Production responses.**

9.     Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection:** **I have a Samsung Galaxy S6 Edge Plus smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.    Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.    Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.    Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been

employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.    Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.    Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: I was involved in a misdemeanor traffic citation. However I do not recall the Court where it took place, but I am on probation until October of 2016.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: None.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**


18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

_Jordan Emig (Jul 28, 20__

_____
Plaintiff


Date:_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

JARROD B. FOSTER,                    §
on behalf of himself                 §
and all others similarly situated,   §
    Plaintiff,   §        NO.  2:15-CV-01047-CG-LAM
                                     §
v.                                   §
                                     §
NOVA HARDBANDING, LLC and            §
KENNETH BROMLEY,                     §
    Defendants.  §

## PLAINTIFF NATHANIEL ROSE'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on August 1, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:     (954)585-4878
Facsimile:  (954)585-4886
E-Mail:    JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

EXHIBIT
B-17

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
         apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individual who comes to mind is Larry Wilson. I do not have any contact information for him, but I know that he has information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

3

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: I spoke to my wife and mom right before joining the lawsuit about whether or not I should join.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 90 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $41,712.66[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For

---

[1]

My salary of $2,700 per month amounts to a regular rate of $6.92 per hour, plus my half time rate of $3.62 for all hours worked over 40. This amount is inclusive of Defendant's minimum wage violations as well.

each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a HTC smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer,

and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.    Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.    Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.    Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.    Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.    Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)    Describe the form of the communications;

b)    Identify any parties to the communications;

c)    State the time and date of the communications;

d)    State the place of the communications;

e)    State the substance of the communications;

f)    Identify any witnesses to the communications;

g)    Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

7

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.     Identify the person who initially requested that the investigation be undertaken.

b.     Give the dates on which the investigation was initiated and completed.

c.     Identify all persons who were responsible for conducting the investigation.

d.     Identify all persons who did any work whatsoever in connection with the investigation.

e.     Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

Nathaniel Nexx (Sign Aug 24, 2016)

_____

Plaintiff


Date:_____

9

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

JARROD B. FOSTER,                       §
on behalf of himself                    §
and all others similarly situated,      §
     Plaintiff,                         §        NO.  2:15-CV-01047-CG-LAM
                                       §
v.                                      §
                                       §
NOVA HARDBANDING, LLC and               §
KENNETH BROMLEY,                        §
     Defendants.                        §

## PLAINTIFF KIPLAGAT SOIMO'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on August 3, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:      (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT B-18**

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
          apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response:  The only individuals who come to mind are Richard Koto (Operator) (575 693 0077), Antonio (unknown last name) (Supervisor), Nimrod Lelei (Hardbander), Jesus (unknown last name) (Operator), and Matthew Lucas (Hardbander). I do not have any additional contact information for these guys, but I know that they have information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

3

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 100 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $43,267.10[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

---

[1] My salary of $2,800 per month amounts to a regular rate of $6.46 per hour, plus my half time rate of $3.62 for all hours worked over 40. This amount is inclusive of Defendant's minimum wage violations as well.

4

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have an IPhone smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.      Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross,

weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

> **Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.    Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

> **Response: No.**

14.    Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

> **Response: None.**

15.    Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.    Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.    Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

    a)    Describe the form of the communications;

    b)    Identify any parties to the communications;

    c)    State the time and date of the communications;

    d)    State the place of the communications;

    e)    State the substance of the communications;

    f)    Identify any witnesses to the communications;

    g)    Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to my supervisor Antonio (unknown last**

7

**name) that the work conditions and hours were too much and bonuses were not**

**being paid. There was never an investigation open based on my complaints. I do not**

**recall the exact time, date, or location of the communications.**

18.    Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.    Identify the person who initially requested that the investigation be undertaken.

b.    Give the dates on which the investigation was initiated and completed.

c.    Identify all persons who were responsible for conducting the investigation.

d.    Identify all persons who did any work whatsoever in connection with the investigation.

e.    Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.    Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

Plaintiff

Date: 10/5/16 .

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF NAAMON BARKLEY'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on August 4, 2016 upon the following as per the service list attached below.

> Loren Law Group
> 100 S. Pine Island Road, Suite 132
> Plantation, FL 33324
> Phone:          (954)585-4878
> Facsimile:      (954)585-4886
> E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

EXHIBIT
**B-19**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
           apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:     (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individual who comes to mind is Cody Awtrey (Operator). I do not have any contact information for him, but I know that he has information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

3

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 100 to 120 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $51,545.38[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For

---

[1]

My salary of $4,500 per month amounts to a regular rate of $9.44 per hour, plus my half time rate of $4.72 for all hours worked over 40. This amount is inclusive of Defendant's minimum wage violations as well.

each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have an IPhone smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer,

5

and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

> **Objection:** Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.

13.    Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

> **Response: No.**

14.    Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

> **Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

7

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO. 2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

## PLAINTIFF CODY BYERS'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on August 19, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:    (954)585-4886
E-Mail:       JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

EXHIBIT
**B-20**

## SERVICE LIST

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
         apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.     Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind are Omar Ocon (Inspection Helper), Lincoln McNabb (Supervisor), Joseph Campbell (Inspection Helper), Mathew Robinson (Inspection Operator), Javier Lozano (Inspection Helper), Marcus Whitfell (Inspection Helper), Dakota Saldivar (Inspection Helper), Oliver Arroyo (Inspection Helper), Corey Hunter (Supervisor) and Gary Jordan (Supervisor). I do not have any contact information for these people, but I know that they have information regarding the work I performed and hours I worked.**

2.     For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.     Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: I spoke to Lincoln McNabb and Marcus Whitfell, but I don't recall the specific date(s). I discussed with them about the overtime hours and not being paid correctly.**

3

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response:** **Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response:** **None other than the individuals listed in Interrogatory Response No. 3.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 98 hours every week from on or about May of 2013 through on or about May of 2014 and then again from on or about July of 2014 through on or about August of 2014.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

4

**Response: I believe I am owed $42,132.65 in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a smartphone Samsung S7, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

5

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in

which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**<u>Response:</u> None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**<u>Response:</u> No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**<u>Response:</u> No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

Cody B_____ (_____ 2016)

_____
Plaintiff


Date:_____

9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JARROD B. FOSTER,                    §
on behalf of himself                 §
and all others similarly situated,   §
    Plaintiff,   §    NO.  2:15-CV-01047-CG-LAM
                 §
v.                                   §
                 §
NOVA HARDBANDING, LLC and            §
KENNETH BROMLEY,                     §
    Defendants.  §

<u>PLAINTIFF DARYL MILLER'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES</u>

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on August 24, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:      (954)585-4878
Facsimile:   (954)585-4886
E-Mail:    JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-21**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
            apier@bustoslasfirm.com
Counsel for Defendants

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response:** **The only individuals who come to mind are Michael Hubert (Hand), Masson Byrd (Supervisor), and Kameron Owens-Hiebert (Hand). I do not have any contact information for these people, but I know that they have information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 60 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $29,325.27[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

---

[1]

My salary of $2,800 per month amounts to a regular rate of $9.94 per hour, plus my half time rate of $4.97 for all hours worked over 40.

4

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: None.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung Galaxy Note 4 smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.     Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross,

weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

> **Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

> **Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

> **Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: None.**

7

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.     Identify the person who initially requested that the investigation be undertaken.

b.     Give the dates on which the investigation was initiated and completed.

c.     Identify all persons who were responsible for conducting the investigation.

d.     Identify all persons who did any work whatsoever in connection with the investigation.

e.     Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

Plaintiff

Date: 9/22/2016

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF MICHAEL ETHERIDGE'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on August 25, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:    (954)585-4886
E-Mail:       JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

EXHIBIT
**B-22**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
          apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response:** **The only individuals who come to mind are Clayton Christian (Operator) whose number is (575) 263 7276, Mateo Quinones (Hardbander) whose number is 575) 942-5729, Jerry Piaz (Manager). I do not have any additional contact information for these people, but I know that they have information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response:** **None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response:** **I spoke to Clayton Christian and Mateo Quinones a few days before joining the lawsuit. We were wondering what would happen if we decided to join the lawsuit.**

3

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response:** **Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response:** **None.**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response:** **I do not recall the specific calendar weeks but I believe I worked roughly 70 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

4

**Response: I believe I am owed $7,912.11[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Galaxy S6 smartphone the cell phone carrier is cricket wireless, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

---

[1]

My salary of $5,000 per month amounts to a regular rate of $16.48 per hour, plus my half time rate of $8.24 for all hours worked over 40.

11.     Please identify any documents in your possession, custody or control related to any of your claims for damages.

**Response: None.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:  Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**<u>Response:</u> I was hit by a drunk driver a few years back, but I don't recall when. There was a lawsuit filed in Houston but I do not recall the specifics of the events. I received damages as a result of this lawsuit.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**<u>Response:</u> No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**<u>Response:</u> No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

7

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I would make oral complaints to my supervisor Jerry Piaz that the work conditions and hours were too much and bonuses were not being paid. No investigation initiated based on my complaints. I do not recall the time, date, or location of the communications.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.   If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

8

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

_____
Plaintiff

Date:_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
| **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
| **Defendants.** | § | |

### PLAINTIFF LINCOLN MCNABB'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on August 25, 2016 upon the following as per the service list attached below.

Loren Law Group
100 S. Pine Island Road, Suite 132
Plantation, FL 33324
Phone:       (954)585-4878
Facsimile:   (954)585-4886
E-Mail:      JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-23**

**SERVICE LIST**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:     806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:     806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
            apier@bustoslasfirm.com
Counsel for Defendants

## INTERROGATORIES

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

**Response: The only individuals who come to mind are Kirk Pearson, David Gett, and Josh Dankston. I do not have any contact information for these people, but I know that they have information regarding the work I performed and hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

**Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5. Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant. For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: I have discussed this lawsuit with my mother and Cody Byers and how many hours we were working and how I was shorted overtime.**

6. Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant. For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 90 hours every week while working for Defendant.**

7. Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $60,358.84[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: None.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a Samsung Galaxy Note smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: None.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

---

[1]   For the first 9 months of my employment I was paid a flat salary of $3,200/month, then for three months I was paid a flat salary of $7,000/month and finally for the remainder of my employment I was paid a flat salary of $8,000/month.

**Response:** **See Response to Interrogatory Request No. 10.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

> **Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the

identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.     Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: No.**

16.     Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.     Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

a)      Describe the form of the communications;

b)      Identify any parties to the communications;

c)      State the time and date of the communications;

d)      State the place of the communications;

e)      State the substance of the communications;

f)      Identify any witnesses to the communications;

g)     Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response: I made complaints to Gary Jordan, Cory Hunter and Cott Dronley about my hours and pay. I do not recall if there were any witnesses to these complaints.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.     Identify the person who initially requested that the investigation be undertaken.

b.     Give the dates on which the investigation was initiated and completed.

c.     Identify all persons who were responsible for conducting the investigation.

d.     Identify all persons who did any work whatsoever in connection with the investigation.

e.     Identify every person interviewed or contacted in any manner with regard to the investigation.   If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.   If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response: See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response: None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the

above interrogatory responses are true and correct and based on personal knowledge.

*Lincoln McNabb*
Lincoln McNabb (Sep 6, 2016)
_____
Plaintiff


Date:_____


10

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JARROD B. FOSTER,** | § | |
| **on behalf of himself** | § | |
| **and all others similarly situated,** | § | |
|     **Plaintiff,** | § | **NO.  2:15-CV-01047-CG-LAM** |
| | § | |
| **v.** | § | |
| | § | |
| **NOVA HARDBANDING, LLC and** | § | |
| **KENNETH BROMLEY,** | § | |
|     **Defendants.** | § | |

### PLAINTIFF LUTHER DODD III'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, by and through undersigned counsel, and hereby serves responses to Defendants' Interrogatories.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by E-mail on September 23, 2016 upon the following as per the service list attached below.

        Loren Law Group
        100 S. Pine Island Road, Suite 132
        Plantation, FL 33324
        Phone:      (954)585-4878
        Facsimile:  (954)585-4886
        E-Mail:    JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Federal Bar No.: 15-222

**EXHIBIT**
**B-24**

**<u>SERVICE LIST</u>**

Dustin N. Slade, Esquire
Slade Law Firm
5101 College Boulevard
Farmington, New Mexico 87402
Phone: 505-566-3705
Fax:    806-780-3800
E-Mail: dslade@sladelawfirm.com
Counsel for Defendants

Fernando M. Bustos, Esquire
Aaron M. Pier, Esquire
Bustos Law Firm, P.C.
1001 Main Street
Suite 501
Lubbock, Texas 79401
Phone: 806-780-3976
Fax:    806-780-3800
E-Mail:  fbustos@bustoslawfirm.com
            apier@bustoslasfirm.com
Counsel for Defendants

Andrew T. Apodaca, Esq.
Goldberg & Dohan, LLP
4801 Lang NE, Suite 110
Albuquerque, NM 87109
Office Line:    (800) 719-1617
Direct Line:    (505) 369-3699
Fax:    (888) 272-8822
E-Mail: aapodaca@goldbergdohan.com
Co-Counsel for Plaintiff

## **INTERROGATORIES**

1.      Identify each and every individual whom you believe to possess knowledge of any facts relating to your lawsuit.  For each such individual, please provide his or her address and telephone number and describe what knowledge you believe that individual has that relates to your lawsuit.

> **Response: The only individuals who come to mind are Garry Peterson, Resse (unknown last name), Daniel (unknown last name), Dakota (unknown last name), Larry Wilson, and Adam (unknown last name). I do not have any contact information for these people, but I know that they have information on the buffing, heating, cleaning I performed, how I cleaned the pipes using chemicals, and the hours I worked.**

2.      For each person listed in response to Interrogatory No. 1, list which persons are known to have given statements, either orally or in writing, about any of Plaintiffs' claims or Defendant's defenses asserted.

> **Response: None.**

3.      Identify any employee, agent or representative of Defendant whether current or former, with whom you have discussed the subject matter of this lawsuit.  For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

> **Response: None.**

4.      Identify any written statement, signed statement, declaration and/or affidavit that you or anyone acting on your behalf has obtained from any employee, agent, or representative or of Defendant, whether current or former.

**Response: Jarrod Foster provided a signed declaration to the court regarding the hours worked by drill pipe hands/operators and Defendant's refusal to pay overtime premiums to drill pipe hands/operators.**

5.      Identify each person (other than your attorney) with whom you have discussed the reason(s) for your claims against the Defendant and/or the circumstances surrounding your claims against the Defendant.  For each such person, state the date of each communication, the persons present during each communication, and the content or substance of each communication.

**Response: I have spoke to my wife a few days before joining the lawsuit. I mainly just ask for advice and help to filling out and sending in documentation to join the lawsuit**

6.      Identify each calendar week you claim you worked more than 40 hours per week while employed by Defendant.  For each calendar week you claim you worked more than 40 hours per week, state the facts upon which you base that allegation, including the identification of any documents you claim support your allegations concerning the hours you have worked.

**Response: I do not recall the specific calendar weeks but I believe I worked roughly 80 to 100 hours every week while working for Defendant.**

7.      Identify the amount of money, if any, you are seeking from Defendant in this action, including the basis for your claim that you are entitled to each such amount, and the methodology or formula you used to calculate your entitlement to each such amount.

**Response: I believe I am owed $28,888.89[1] in back wages and liquidated damages. This amount is exclusive of my attorney's fees and costs. As discovery is ongoing, this amount is subject to change.**

8.      Identify each and every document relating to Defendant and/or your employment with Defendant of which you and/or your attorney have obtained and/or currently possess.  For each document identified, identify how you and/or your attorney came to obtain that document or have that document in your possession.

**Response: I do not have any documents related to my employment with Defendant.**

9.      Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents?  If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Objection: I have a HTC smartphone, but I am not sure of the exact make and model, operating systems, software and applications.**

10.      Please identify any documents in your possession, custody or control related to any of the allegations you raise in your Complaint.

**Response: I believe I have some pay stubs and tax forms.**

11.      Please identify any documents in your possession, custody or control related to any of your claims for damages.

---

[1]

         My salary of $1,000 per week amounts to a regular rate of $11.11 per hour, plus my half time rate of $5.56 for all hours worked over 40.

5

**Response: Please see response #10.**

12.     Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

**Objection:** **Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the request is grossly overbroad especially given that the limitations period under FLSA is 3 years.**

13.     Have you worked for, provided services to, owned, or volunteered for any other business, company, sole proprietor, or entity while you were employed by Defendant?  If so, please provide the name, address and telephone number of the employer or entity, state the dates you worked for, provided services to, owned, or volunteered, and identify the position or job title you held, if any.

**Response: No.**

14.     Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which you have been named as a party or have otherwise been involved, in any jurisdiction, since attaining the age of eighteen (18), to the present, including the

6

identities of the parties, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response: None.**

15.    Have you ever been arrested or convicted of a crime?  If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which you have been involved.

**Response: None.**

16.    Have you ever prepared a resume, curriculum vitae, job search cover letter, or description of work experience (including any background information placed upon professional social networking sites, like LinkedIn) at any time since you began working for Defendant?  If so, identify each such document by stating the nature of the document, the date prepared, date modified, and to whom the document was sent, if anyone.

**Response: No.**

17.    Describe in detail any communications you have made or received regarding your claims against Defendant or any defenses to any claims made by you against Defendant.  For each communication, please:

   a)    Describe the form of the communications;

   b)    Identify any parties to the communications;

   c)    State the time and date of the communications;

   d)    State the place of the communications;

   e)    State the substance of the communications;

   f)    Identify any witnesses to the communications;

g)      Describe any document or recording in any form which refers or relates to the communications, and identify the custodian and current location of any such document or recording.

**Response:** **None.**

18.     Did you or any other persons or entities make any non-privileged investigation of the transactions and circumstances that make the basis of your claims or defenses in this lawsuit? If so, with regard to each such investigation:

a.      Identify the person who initially requested that the investigation be undertaken.

b.      Give the dates on which the investigation was initiated and completed.

c.      Identify all persons who were responsible for conducting the investigation.

d.      Identify all persons who did any work whatsoever in connection with the investigation.

e.      Identify every person interviewed or contacted in any manner with regard to the investigation.  If these persons gave a written or recorded statement, identify the current custodian(s) of the statement or recording.  If the communication inquired about was oral, please state the date and substance of the communication fully and in detail.

**Response:** **See response to interrogatory response # 17.**

19.     Identify by name, address, and telephone number all persons or entities that have possession, custody, or control of documents relevant to your claims and defenses in this suit and the documents over which they have possession, custody, or control.

**Response:** **None.**

8

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby Declare under the penalty of perjury that the above interrogatory responses are true and correct and based on personal knowledge.

Luther Dodd III
Luther Dodd, III

Date: 7-19-16