UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JARROD B. FOSTER, | § | |
| on behalf of himself | § | |
| and all others similarly situated, | § | |
|     Plaintiff, | § | NO.  2:15-CV-01047-CG-LAM |
| | § | |
| v. | § | |
| | § | |
| NOVA HARDBANDING, LLC and | § | |
| KENNETH BROMLEY, | § | |
|     Defendants. | § | |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Nova Hardbanding, LLC and Kenneth Bromley (collectively "Nova") file this Reply in Support of Motion to Compel Discovery, and in support thereof respectfully shows the Court as follows:

## I.
## BACKGROUND

Plaintiffs participated in submitting to the Court the parties' Joint Status Report and Provisional Discovery Plan.  *See* Dkt. 48 and 75.  In that process, Plaintiffs agreed to authorize "25 interrogatories by each party to any other party."  *Id.*  This plan was submitted to the Court on September 6, 2016, Dkt. 75, and on September 23, 2016, the Court adopted a modified version of the parties' Joint Status Report and Provisional Discovery Plan.  Dkt. 80.

The modified version adopted by the Court expressly retained the portion of the plan permitting twenty-five interrogatories by each party to any other party.  Dkt 81.  Nonetheless, after expressly agreeing to twenty-five interrogatories by each party to any other party, Plaintiffs now seek to controvert their agreement by asking the Court to limit Nova's discovery on Plaintiffs.

Plaintiffs argue that representational discovery is appropriate, instead of individualized discovery, and that because many of the Plaintiffs have already answered Nova's discovery, the remaining Plaintiffs need not do so. Alternatively, Plaintiffs argue the Court should resolve this matter in its favor to avoid inconsistent rulings with the court's holding in *Varela v. Nova Hardbanding, LLC, et. al.*, 2:16-cv-129-WJ-CG. *See* Dkt. 85, p.5 (Pl.'s Resp.).

## II.
## ARGUMENT AND AUTHORITIES

*A.*     *Plaintiffs Agreed to Individualized Discovery*

The plain language of 29 U.S.C. § 216(b) makes clear that when an employee files a consent to join a collective action that the "employee shall be a party plaintiff." *Id.* "Generally, 'when an individual voluntarily chooses to participate in [a] lawsuit, he [or she] takes on the obligation to provide discovery about his [or her] claim.'" *Forauer v. Vermont Country Store*, No. 5:12-cv-276, 2014 WL 2612044, at *2 (D. Vt. June 11, 2014) (FLSA collective action with 25 plaintiffs).

Individualized discovery is crucial because of the two-step process for determining whether a FLSA action should proceed as a collective action pursuant to Section 216(b). *Bustillos v. Bd. of Cnty. Comm'rs*, 310 F.R.D. 631, 662-63 (D.N.M. 2015). The initial stage only requires a minimal showing that the plaintiffs are similarly situated. *Id.* at 663. The second stage requires the court to use a stricter standard and evaluates several factors, including individual plaintiffs' disparate factual and employment settings; the defendant's various defenses applicable to each plaintiff; and fairness and procedural considerations. *Id.* It is in the second stage where the district court determines on a fuller record whether the action may go forward on a collective basis by determining whether opt-in plaintiffs are in fact "similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

The question of whether all plaintiffs are similarly situated is inherently an individualized inquiry. *Myers v. Hertz Corp.*, 624 F.3d 537, 545 (2d Cir. 2010). Thus, numerous courts have held that it is "essential for a defendant to take individualized discovery of opt-in plaintiffs to determine if they are 'similarly situated' within the meaning of the FLSA." *Khadera v. ABM Indus. Inc.*, No. C08-417RSM, 2011 WL 3651031, at *3 (W.D. Wash. Aug. 18, 2011); *see also Forauer*, 2014 WL 2612044 at *3-4[1]. In fact, while there is no "'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling." *Lloyd v. J.P. Morgan Chase & Co.*, 2015 U.S. Dist. LEXIS 35161, at *11-12, 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015) (analyzing fifteen other FLSA cases to conclude when courts are inclined to order representative discovery); *White v. 14051 Manchester, Inc.*, No. 4:12-CV-469 (JAR), 2013 U.S. Dist. LEXIS 62833, 2013 WL 1867113 at *1-*2 (E.D. Mo. May 2, 2013) (approving individualized written discovery of all 50 opt-ins).

Further, because the Plaintiffs are seeking to avoid or limit discovery based on burdensomeness, they have "have the duty to come forward with evidence or affidavits to show the

---

[1] *See also Abubaker v. City of Solano*, No. CIV S-06-2268 LKK EFB, 2008 WL 508911, at *1-2 (E.D. Cal. Feb. 22, 2008) (concluding individualized discovery of 160 FLSA plaintiffs was appropriate because defendant challenged whether plaintiffs were similarly situated); *Coldiron v. Pizza Hut*, No CV03-05865 TJH MCX, 2004 WL 2601180 (C.D. Cal. Oct. 25, 2004) (holding individualized discovery "is not only meaningful, but essential" when a defendant challenges the joinder of any party as similarly situated, permitting discovery from the 306 opt-ins); *Lee v. GAB Telecom, Inc.*, No. 12-cv-14104, 2013 WL 4041875 (E.D. Mich. Aug. 8, 2013) (allowing discovery of each opt-in (under 50 total) and finding "no need to limit individualized discovery" in FLSA collective action); *Rivera v. UBM Enter., Inc.*, No. 3:12–cv–496–P, 2014 WL 462586, at *3 (N.D. Tex. Feb. 5, 2014) (holding discovery should be individualized and finding "no basis to order that the case should proceed through representative testimony"); *Renfro v. Spartan Computer Servs., Inc.*, Civil Action No. 06-2284-KHV, 2008 WL 821950, at *3-4 (D. Kan. Mar. 26, 2008) (affirming order allowing defendant to serve document requests and interrogatories on each opt-in plaintiff); *Krueger v. N. Y. Tel. Co.*, 163 F.R.D. 446 (S.D.N.Y. 1995) (authorizing discovery to all 152 opt-in plaintiffs); *Kaas v. Pratt & Whitney*, No. 89-8343-CIV-PAINE, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (ordering 100 opt-in plaintiffs in ADEA collective action to respond to individualized interrogatories and requests for production); *Ingersoll v. Royal & Sunalliance USA, Inc.*, 2006 WL 2091097, at *3 (W.D. Wash. Jul. 25, 2006) (permitting written and deposition discovery of all 35 named and opt-in plaintiffs).

nature and extent of the burden." *Forauer v. Vermont Country Store*, 2014 WL 2612044 at *7 (citing *Geer v. Challenge Fin. Investors Corp.*, 2007 U.S. Dist. LEXIS 33499, 2007 WL 1341774, at *4-5 (D. Kan. May 4, 2007)). In this case, Plaintiffs have not presented any such evidence.

Instead, Plaintiffs have cited the Court to numerous cases which held that representational discovery was appropriate. Plaintiffs, however, failed to include that many of those cases involved hundreds or thousands of plaintiffs—not thirty-one[2]. Thus, not only have Plaintiffs failed to show the Court evidence that the discovery is overly burdensome, Plaintiffs have also failed to show the Court that they are entitled to resist discovery unless it is on a representational basis.

To the contrary, Plaintiffs participated in submitting to the Court the parties' Joint Status Report and Provisional Discovery Plan and agreed to individualized discovery. *See* Dkt. 48 and 75. Plaintiffs agreed to authorize "25 interrogatories by each party to any other party." *Id.* Plaintiffs did not seek to limit Nova to only representational discovery, and the Court did not choose to limit Nova to representational discovery. *See* Dkt. 75 *and* 81. In fact, for over three months, Plaintiffs engaged in written discovery without objection until, for no obvious reason provided by Plaintiffs, they decided they no longer needed to respond to Nova's requests.

As adopted by the Court, and agreed to by Plaintiffs, Nova and Plaintiffs are entitled to twenty-five interrogatories by *each party* to *any other party*. *Id.* Therefore, because Plaintiffs agreed

---

[2] *Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247, 2009 WL 1437817 (D.N.J. May 11, 2009) (involving three hundred forty-two (342) opt-in plaintiffs); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 1982 U.S. App. LEXIS 19231, 94 Lab. Cas. (CCH) P34,194, 25 Wage & Hour Cas. (BNA) 645 (11th Cir. Fla. 1982) (involving two hundred and seven (207) employees); *McGrath v. City of Philadelphia*, 1994 U.S. Dist. LEXIS 1495, 127 Lab. Cas. (CCH) P33,060, 1 Wage & Hour Cas. 2d (BNA) 1500 (E.D. Pa. Feb. 9, 1994) (involving 4,100 plaintiffs who were present and former members of the Philadelphia Police Department); *Cranney v. Carriage Servs.*, 2008 U.S. Dist. LEXIS 22630, 2008 WL 608639 (D. Nev. Feb. 29, 2008) (involving three hundred (300) opt-in plaintiffs and 2,700 potential class members); *Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 1992 U.S. Dist. LEXIS 13073, 124 Lab. Cas. (CCH) P35,769 (N.D. Ill. 1992) (involving one hundred and forty-seven (147) plaintiffs); *Craig v. Rite Aid Corp.*, 2011 U.S. Dist. LEXIS 153670 (M.D. Pa., Nov. 8, 2011) (involving employees from over 4,901 Rite Aid stores, numbering in excess of one thousand (1,000) putative opt-in plaintiffs); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 2002 U.S. Dist. LEXIS 6707, 8 Wage & Hour Cas. 2d (BNA) 549 (N.D. Ga. 2002) (involving more than three hundred opt-in plaintiffs from twenty-four (24) different BB&B stores in eleven states).

to individualized discovery, and have in fact engaged in individualized discovery up until this time, Plaintiffs should be estopped from now arguing that representational discovery is more appropriate. Further, Plaintiffs are not so numerous that representative discovery is necessary. Thus, the Court should compel the remaining Plaintiffs to answer Nova's discovery.

B.     *The Court Should Compel Plaintiffs to Respond to Nova's Interrogatories Nos 9 and 12 Because These Requests are Relevant to the Heart of Plaintiffs' Claims*

Pursuant to Federal Rule of Civil Procedure 37, a court may compel responses to discovery if a party fails to respond to answer an interrogatory submitted under Federal Rule of Civil Procedure 33. Fed. R. Civ. P. 37(a)(3)(B)(iii). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also Lucero v. Martinez*, No. CIV 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006).

***Interrogatory No. 9***

Phone records are relevant to the determination of the amount of uncompensated overtime. *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB, 2013 WL 6244155, at *1-3 (D. Kan. Dec. 3, 2013); *Ritz v. Directory Publ'g Solutions, Inc.*, No. 4:13cv01236 AGF, 2014 WL 1922957, at *4-5 (E.D. Mo. May 14, 2014); *see also Kamalu v. Walmart Stores, Inc.*, No. 1:13-cv-00627-SAB, 2013 WL 4403903, 119 Fair Empl. Prac. Cas. (BNA) 1223 (E.D. Cal. Aug. 15, 2013) (permitting discovery of phone records to support employer's defense that employee was fired for using phone at work); *Murray v. Carlsbad*, 08CV2121 BTM (AJB), 2010 WL 2612698, *2 (S.D. Cal. June 25, 2010) (cellular phone records are relevant to impeachment).

Phone records are relevant to the issue of the number of hours Plaintiffs' worked and might lead to admissible evidence. *Cf. Folger*, 2013 WL 6244155 at *2 (allowing discovery of phone records because it could lead to evidence that plaintiff did not work the hours claimed); *Ritz*, 2014

WL 1922957, at *1-2 (court ordered sample plaintiffs to produce phone and internet records, and later ordered remaining plaintiffs to also produce those records).

Plaintiffs allege that Nova's purpose in Interrogatory No. 9 is to harass, serve as a fishing expedition, or to otherwise prove that Plaintiffs were not working (while at work) and instead using their phones. *See* Dkt. 85, p. 5-8. However, Plaintiffs are mistaken because Nova, like the employers in *Folger* and *Ritz*, solely seeks to disprove Plaintiffs' claims regarding the *number* of uncompensated overtime hours worked (for example 8am to 6pm workday) because *no records were maintained of Plaintiffs' work hours*.

To do so, Nova seeks to discover what phone companies call "Call Detail Reports." These reports contain the time and duration of a call, the time a text message is sent, and the phone number of the other party to the communication. They do not contain the content of the text messages or phone calls, or the name, address, etc. of the other party to the communication.

The purpose of acquiring Plaintiffs' "Call Detail Reports" is to establish a pattern of phone usage by Plaintiffs. Whether Plaintiffs did or did not use their phones routinely for work is irrelevant. Instead, the relevance is in *when* they used their phones for non-employment purposes. With Plaintiffs' call detail reports, Nova will likely be able to show the Court a pattern of usage which demonstrates the average time of day when Plaintiffs ceased working.[3]

Regardless of Plaintiffs' mischaracterizations, none of the Plaintiffs specifically objected to Interrogatory No. 9, and Plaintiffs waived any possible objections. Thus, the Court should order *all*

---

[3] Assuming Plaintiffs routinely used their phones for work purposes, then calls and texts to Nova phone numbers will indicate employment related tasks. If those calls and texts do not occur beyond a specific time of day, then Plaintiffs were likely no longer engaged in work related activities as of that time. On the other hand, if Plaintiffs' call detail reports show that Plaintiffs did not routinely call or text during each day but beginning at a specific time of day began to regularly call or text non-Nova numbers, then Plaintiffs' records once again establish an average time of day when Plaintiffs ceased working.

Plaintiffs to fully respond to Interrogatory No. 9 so that phone records can be subpoenaed to determine phone use patterns, thereby demonstrating what time Plaintiffs were not at work.

*Interrogatory No. 12*

Evidence of an employee's post-separation work history can provide evidence that an employee was properly classified as an exempt employee under the executive or supervisor exemption. *Cf. Folger*, 2013 WL 6244155, at *4 (pre-employment experience and education are discoverable to determine the learned professional exemption while post-separation experience and education are not because only prior experience and education are relevant to the learned professional exemption).

Plaintiffs state that Nova "cannot identify any relevant information [it hopes] to gain from these requests." Dkt. 85, p. 9. However, Nova clearly articulated what relevant information it hopes to gain in its Motion to Compel:

> Here, Nova particularly seeks Plaintiffs' post-Nova employment history to evidence whether Plaintiffs represented to subsequent employers that they worked in exempt job positions or duties while working for Nova. Nova's seeks this information because the relevant inquiry in this case is whether Plaintiffs' job duties at Nova entitle them to the protections of the FLSA, or whether they are exempt.

Dkt. 84, p. 12.[4] Nova argues that subsequent resumes or applications likely contain enough detail to shed light on whether Plaintiffs represented to subsequent employers that they performed exempt job duties while working for Nova. The key portions of the administrative exemption and the executive or supervisor exemption include, respectively:

> a. The employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> b. The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

---

[4] October 28, 2016, Nova propounded Interrogatory No. 20, which states: "Identify by name, address, and telephone number any post-Nova employer where you either completed an application for employment, submitted a resume, or otherwise provided your post-Nova employer with information regarding your employment at Nova."

29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200.

> a. The employee's primary duty was managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise;
> b. The employee customarily and regularly directed the work of at least two or more other full-time employees or their equivalent; and
> c. The employee had the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was given particular weight.

29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.100.  Thus, to the extent that the parties disagree regarding Plaintiffs' job duties and responsibilities at Nova, Plaintiffs' representations to subsequent employers is highly relevant to what Plaintiffs did while working at Nova and to the inquiry of whether Plaintiffs were in fact exempt by virtue of their responsibilities and duties at Nova.

This evidence is relevant and material to Nova's argument that Plaintiffs were exempt based on what they did while working for Nova, while Plaintiffs' statements to subsequent employers is relevant evidence, either to prove the duties Plaintiffs contend they performed or for impeachment purposes.

Therefore, the Court should grant Nova's Motion to Compel *all* Plaintiffs' responses to Interrogatory No. 12 so that Nova can seek applications for employment and resumes Plaintiffs sent to subsequent employers, to see whether Plaintiffs represented themselves to subsequent employers as having worked for Nova as exempt employees.

*C.* *Varela v. Nova Hardbanding, LLC, et. al.*, 2:16-cv-129-WJ-CG

In *Varela*, the issue of representational discovery was not before the Court.  Thus, even if the Court chooses to resolve Interrogatory Nos. 9 and 12 as it was decided in *Varela*, this Court should decide the issue of representational discovery and order individualized discovery for the reasons set forth above, which are relevant to the decertification stage.

If the Court does follow the *Varela* court, it should also follow the *Varela* court's reasoning and permit Nova to re-urge its Motion to Compel after Nova has acquired evidence from Plaintiffs which will allow Nova to make a showing that Plaintiffs' phone records, and resumes and applications to subsequent employers is in fact relevant to its defenses in this case.

### III.
### ATTORNEY'S FEES

To avoid imposition of attorney's fees, Plaintiffs must show that its nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs' Representative Class Objections are not substantially justified because they stand in direct contravention with Plaintiffs' agreement to participate in individualized discovery and this Court's scheduling order explicitly permitting "twenty-five (25) Interrogatories, including all discrete subparts, **by each party to any other party** . . . ." Dkt. 81 (emphasis added).

### IV.
### CONCLUSION

The Court should grant Nova' Motion to Compel Discovery because (1) due process and notions of fairness dictate that Nova have the opportunity to conduct a reasonable level of discovery; (2) Plaintiffs' Representative Class Objections are unfounded because they violate this Court's scheduling order and directly contradict Plaintiffs' agreement to engage in individualized discovery; and (3) Nova's Interrogatory Nos. 9 and 12 are relevant to determine the number of hours Plaintiffs worked and the discovery of facts regarding Plaintiffs' exempt status.

### V.
### PRAYER

WHEREFORE, Nova respectfully requests that this Court grant Nova's Motion to Compel Discovery, that the Court order Plaintiffs to respond to Nova's discovery, and that the Court award

Nova its attorney's fees incurred in filing its Motion to Compel to Discovery.  Nova further requests all other relief, in law or in equity, to which it is justly entitled.

                Respectfully submitted,

                */s/ Fernando M. Bustos*
                FERNANDO M. BUSTOS
                Texas Bar No. 24001819
                Email: fbustos@bustoslawfirm.com
                AARON M. PIER
                Texas Bar No. 24041694
                Email: apier@bustoslawfirm.com
                Bustos Law Firm, P.C.
                1001 Main Street, Suite 501
                Lubbock, Texas 79401
                (806) 780-3976
                (806) 780-3800 FAX

                DUSTIN N. SLADE
                State Bar No. 142990
                Email: dslade@sladelawfirm.com
                Slade Law Firm
                5101 College Boulevard
                Farmington, New Mexico 87402
                (505) 566-3705
                (806) 780-3800 FAX

                COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed this document with the Clerk of the Court, using the electronic filing system of the Court, on the 1st day of December 2016, and service was made to all counsel of record using the ECF system.

                */s/ Fernando M. Bustos*
                Fernando M. Bustos