# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JARROD B. FOSTER,

    Plaintiff,

v.                     No. CV 15-1047 CG/LAM

NOVA HARDBANDING, LLC, et al.

    Defendants.

## ORDER GRANTING MOTION TO AMEND ANSWER

**THIS MATTER** is before the Court upon *Defendants Nova Hardbanding, LLC's and Kenneth Bromley's Motion for Leave to Amend Defendants' Answer* (the "Motion"), (Doc. 86), filed November 21, 2016; *Plaintiff's Response to Defendant's Motion for Leave to Amend* (the "Response"), (Doc. 89), filed December 5, 2016; and *Defendants' Reply in Support of their Motion for Leave to Amend Defendants' Answer* (the "Reply"), (Doc. 91), filed December 19, 2016. After reviewing the briefs and the relevant law, the Court **GRANTS** Defendants' Motion.

  **I.**  **Background**

On November 16, 2015, Plaintiff brought this suit against Defendants on behalf of himself and others similarly situated alleging wage violations under the Fair Labor Standards Act ("FLSA"). (Doc. 1 at ¶ 13). Plaintiff filed a *First Amended Complaint* (the "Amended Complaint"), (Doc. 20), on January 4, 2016. Defendant Nova Hardbanding filed *Defendant Nova Hardbanding, LLC's Original Answer to Plaintiff's First Amended Complaint* ("Defendant Nova Hardbanding's Answer"), (Doc. 34), on February 11, 2016, and Defendant Bromley filed *Defendant Bromley's Original Answer to Plaintiff's First Amended Complaint* ("Defendant Bromley's Answer"), (Doc. 41), on March 11, 2016.

Thereafter, Plaintiff submitted *Plaintiff's Opposed Motion and Supporting Brief to Conditionally Certify FLSA Collective Action and Authorize Notice*, (Doc. 35), on February 18, 2016. The Court conditionally certified the class and granted a 90 day opt-in period for potential class members on April 20, 2016. (*See* Doc. 50 at 11). After the opt-in period expired, Defendants filed this Motion to amend their Answers.

## II. Standard of Review

Under Rule 15 of the Federal Rules of Civil Procedure, Defendants may only amend their Answers "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id*. The Supreme Court has stated that a claim should be tested "on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] undue prejudice to the opposing party . . . – the leave sought should, as the rule requires, be 'freely given.'" *Id*.

## III. Analysis

Defendants ask the Court to allow them to amend their Answer to: (1) allege that the opt-in Plaintiffs are exempt from overtime wages under the FLSA based on the supervisor or executive exemption or through the Motor Carrier Act; (2) assert that Plaintiffs Darryl Miller and Nathaniel Rose were not employed by Nova Hardbanding, LLC; and (3) assert that Plaintiffs are exempt under the administrative exemption of the FLSA. (Doc. 86 at 2).

Plaintiff only opposes Defendants amending their Answers to assert that Plaintiffs Miller and Rose were not employed by Defendant Nova Hardbanding. (Doc. 89 at 1).

Plaintiff argues that Defendants should not be allowed to amend their Answers with respect to Plaintiffs Miller and Rose based on undue delay by Defendants and that Plaintiffs Miller and Rose will suffer undue prejudice. (Doc. 89 at 2). Defendant replies that there was no undue delay and Plaintiffs Miller and Rose will not be prejudiced by the granting of the Motion. (Doc. 91 at 2-5).

### A. *Undue Delay*

In examining whether a party has delayed in filing an amendment, the Court looks primarily to the reason for the delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Leave to amend may be denied "when the party filing the motion has no adequate explanation for the delay." *Id.* (quoting *Frank v. U.S. W.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). Plaintiff argues that Defendants have had over five months to amend their Answers, as Plaintiff Rose filed his *Consent to Join* the lawsuit on December 22, 2015, and Plaintiff Miller filed his *Consent to Join* the lawsuit on June 20, 2016. (Doc. 89 at 3).

United States Magistrate Judge Lourdes A. Martinez filed a *Scheduling Order* on September 23, 2016. (*See* Doc. 81). Judge Martinez set May 22, 2017 as the due date for discovery. (Doc. 81). Defendants argue that the delay in filing the Motion was not unreasonable because they had been participating in discovery. (Doc. 91 at 3). Because discovery is ongoing and a trial has not been set, the Court agrees with Defendants and finds that Defendants have not unreasonably delayed in filing their Motion.

### B. *Undue Prejudice*

Under Rule 15, prejudice "'means undue difficulty in prosecuting [or defending] a

3

lawsuit as a result of a change of tactics or theories on the part of the other party.'"
*Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998) (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). Plaintiff argues that Plaintiffs Miller and Rose would be prejudiced by the proposed amendments because the statute of limitations tolled when Plaintiffs Miller and Rose filed their Consents to Join and they will lose that time if they have to file a separate lawsuit. The Court disagrees.

Defendants have not changed "tactics or theories." In the Original Answer, Defendants asserted that the opt-in Plaintiffs were not similarly situated to Plaintiff Foster. (*See* Docs. 17, 34). Plaintiffs cannot be similarly situated if they do not have the same employer. Therefore, Plaintiffs Miller and Rose cannot show undue prejudice. Because Plaintiffs were not employed by Defendants, any prejudice to Plaintiffs Miller and Rose will not be caused by Defendants' amended Answers, but by Plaintiffs' decision to sue the wrong defendants. Finally, regarding Plaintiffs' argument that they would be prejudiced because the statute of limitations was tolled when they filed their Consents to Join, because Plaintiffs Miller and Rose are not barred from bringing a new lawsuit and may re-file their claims against the proper defendants, they will not be prejudiced by Defendants' amendments.

## IV. Conclusion

For the reasons discussed above, the Court finds that Defendants should be allowed to amend their Answers. **IT IS THEREFORE ORDERED** that *Defendants Nova Hardbanding, LLC's and Kenneth Bromley's Motion for Leave to Amend Defendants' Answer*, (Doc. 86), is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Defendants shall file their Amended Answers by January 24, 2017.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE