IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JARROD B. FOSTER,** *on behalf of himself and all others similarly situated*,

      **Plaintiffs,**

v.                                                              No. CIV-15-1047 CG/LAM

**NOVA HARDBANDING, LLC and**
**KENNETH BROMLEY,**

      **Defendants.**

## ORDER GRANTING IN PART
## DEFENDANTS' MOTION TO COMPEL [*Doc. 84*]

**THIS MATTER** is before the Court on *Defendants' Motion to Compel Discovery (Doc. 84)*, filed November 4, 2016. Plaintiff filed a response to the motion on November 17, 2016 [*Doc. 85*], and Defendants filed a reply on December 1, 2016 [*Doc. 87*]. Having considered the motion, response, reply, the record of the case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

Plaintiff, on behalf of himself and all others similarly situated, brought suit against Defendants alleging violations of the Fair Labor Standards Act for failure to properly pay overtime wages. *See* [*Doc. 84* at 1] and [*Doc. 85* at 1]. The Court conditionally certified this matter as a collective action, and the deadline for opting in has passed. *See* [*Doc. 50*]. In their motion to compel, Defendants ask the Court to compel Plaintiffs to fully respond to Interrogatory Nos. 9 and 12. *See* [*Doc. 84* at 3 and 14-15]. Defendants also ask the Court to grant their attorney's fees related to filing this motion. *Id.* at 13.

**Interrogatory No. 9**

Defendants' Interrogatory No. 9 asks the following:

> Between January 1, 2010 through today, did you have a personal computer, mobile phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents? If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

[*Doc. 84-1* at 10]. Twenty-four Plaintiffs answered this interrogatory as follows: "<u>Objection:</u> I have [states brand of smart phone and/or computer], but I am not sure of the exact make and model, operating systems, software and applications." *See, e.g.,* [*Doc. 84-1* at 20]; *see also* [*Docs. 84-1, 84-2* and *84-3*, Exhibits B-1 through B-24]. Beginning on October 26, 2016, Plaintiffs began objecting to all of Defendants' interrogatories by stating that they "exceed[] the number of interrogatories as allowed by Fed. R. Civ. P. 33," and also "on the grounds that this lawsuit was brought on a representative class basis; as such, Defendant is not entitled to discovery for every single opt-in Plaintiff." *See, e.g.,* [*Doc. 84-4* at 6]; *see also* [*Doc. 84-4*, Exhibits C-1 through C-6].

In their motion to compel, Defendants contend that all Plaintiffs are parties to this case and, thus, are subject to individualized discovery. *See* [*Doc. 84* at 3-8]. Defendants further contend that Plaintiffs' phone records are relevant to the issues in this case because, since no records were maintained of Plaintiffs' work hours, Defendants "seek[] to discover what phone companies call 'Call Detail Reports,'" which "will likely be able to show the Court a pattern of usage which demonstrates the average time of day when Plaintiffs ceased working." *Id.* at 11.

In response, Plaintiffs contend that representative discovery is proper for this case, and that, because approximately eighty-percent of Plaintiffs have responded to Defendants'

discovery requests, "Defendants have ample discovery . . . to try and combat certification." [*Doc. 85* at 4]. Plaintiffs further contend that Defendants' request for cell phone carrier information is unduly burdensome, overly broad, and calls for confidential and sensitive information. *Id.* at 5-8. Specifically, Plaintiffs contend that Defendants are seeking "to essentially go on a fishing expedition in an attempt to ascertain whether Plaintiffs were having personal conversations during the hours they claim to have been working overtime" (*id.* at 6, n.5), and that Defendants seek "records of phone calls as well as the content of text messages and other communications Plaintiffs sent or received, as well as Plaintiffs' financial payments and statements relative to Plaintiffs' cell phone carriers" (*id.* at 8). Plaintiffs further contend that Defendants "seek[] to acquire information that may be barred under the attorney-client privilege," including "logs of telephone calls and text messages, data transfers between Plaintiffs and their legal counsel, as well as the potential to include the actual content of the electronic communications." *Id.*

In reply, Defendants maintain that the number of interrogatories they have served on Plaintiffs is within the parties' agreement set forth in their Joint Status Report, which was adopted by the Court, to allow twenty-five interrogatories by each party to any other party. *See* [*Doc. 87* at 1]. Defendants contend that when an employee consents to join a collective action, the employee becomes a party plaintiff, and must provide individual discovery. *See id.* at 2-5. Defendants state that they only seek to discover the phone companies' "Call Detail Reports," which "contain the time and duration of a call, the time a text message is sent, and the phone number of the other party to the communication," and "do not contain the content of the text message or phone calls, or the name, address, etc. of the other party to the communication." *Id.* at 6. Defendants further contend that Plaintiffs waived their objections to Interrogatory No. 9 by failing to provide specific grounds for their objections. *Id.* at 6-7.

"The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Here, the first twenty four Plaintiffs did not provide any basis for their objections to Interrogatory No. 9 and, instead, merely stated "Objection" and then partially answered the interrogatory. *See* [*Docs. 84-1, 84-2* and *84-3*, Exhibits B-1 through B-24]. Plaintiffs ask the Court to find good cause for their failure to specifically object to this interrogatory because they contend that Interrogatory No. 9 is unduly burdensome, overly broad, and calls for confidential and sensitive information. *See* [*Doc. 85* at 6].

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and the Court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." In addition, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Court finds that consideration of these factors weighs in favor of granting Defendants' motion to compel with regard to Interrogatory No. 9, but only to a limited extent. Contrary to Plaintiffs' contention that Defendants are seeking the content of Plaintiffs' text messages and other communications, Plaintiffs' financial payments and statements, and information that may be attorney-client privileged (*see Doc. 85* at 8), Defendants have explained that they only seek to discover the phone companies' "Call Detail Reports" containing only "the time and duration of a call, the time a text message is sent, and the phone number of the other party to the communication," and "do not contain the content of the text message or phone calls, or the name, address, etc. of the other party to the communication" (*see Doc. 87* at 6). In addition, Defendants have explained

4

that, since no records were maintained of Plaintiffs' work hours, these reports may show a pattern of usage which could demonstrate the average time of day when Plaintiffs ceased working. Plaintiffs should have access to this information, and there should be no burden or expense to Plaintiffs since it will be Defendants who may pursue obtaining the reports from the phone companies. While Plaintiffs contend that Defendants intend to use this information to ascertain whether Plaintiffs were having personal conversations during work hours, Plaintiffs provide no support for this contention. Moreover, this appears to be an admissibility issue, which the Court need not decide at this time. Finally, the Court rejects Plaintiffs' contention that the request is unduly burdensome because Plaintiffs fail to set forth any specific reasons as to why it is unduly burdensome. *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D.Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted).

For the reasons stated above, the Court finds that Interrogatory No. 9 falls within the proper scope of discovery as long as it is limited to seeking only the make and model of Plaintiff's mobile phones, and the carrier or provider that facilitated data and/or communication services for Plaintiffs' phones, from January 1, 2010 through the present. The Court further finds that Defendants may only seek "Call Detail Reports" from these carriers or providers. The Court rejects Defendants' request for information regarding Plaintiffs' personal computers, operating systems, software and applications, and information regarding the possession of each device, because that information does not appear to be relevant to any claim or defense in this case.

The Court next addresses the remaining six objections by Plaintiffs that Defendants' interrogatories exceed the number of interrogatories allowed in this case, and that Defendants are not entitled to discovery for each opt-in Plaintiff because this case was brought on a representative class basis. *See* [*Doc. 85* at 2-4]. The Court disagrees that the number of interrogatories exceed the number allowed in this case because, in the parties' Joint Status Report, the parties agreed to twenty-five interrogatories "by each party to any other party" (*Doc. 75* at 3), and this proposal was adopted by the Court (*see Doc. 81 at 1*). The Court agrees with Defendants that, since the number of opt-in Plaintiffs in this case is thirty, not hundreds or thousands as in many of the cases cited by Plaintiffs (*see Doc. 87* at 4, n.2), there is no need to limit Defendants to representational discovery at this point. Moreover, contrary to Plaintiffs' assertion that Defendants have ample discovery because "[a]pproximately 80% of the Plaintiffs in this matter have responded to discovery requests" (*Doc. 85* at 4), Plaintiffs failed to provide most of the information asked for in Interrogatory No. 9.

Finally, the Court notes that Plaintiffs urge the Court to deny Defendants' motion to compel because a similar motion in *Varela, et al. v. Nova Hardbanding, et al.*, No. 16-CV-129 was denied by the referral judge in that case. *See* [*Doc. 46*, filed in No. 16-CV-129] (denying Defendants' motion to compel, *Doc. 40*). As set forth above, the Court finds that Interrogatory No. 9, if limited to Plaintiffs' mobile phones and "Call Detail Reports," is asking for information relevant to the issues in this case, especially given Defendants' assertion that there may be no other way to refute Plaintiffs' contentions regarding the hours that they have worked. In contrast, it appears that the judge in *Varela* emphasized that the defendants' request was not proportional to the defendants' needs at that time, and that the defendants there did not show that the information is relevant. *See* [*Doc. 48* at 2, filed in No. 16-CV-129] (Clerk's Minutes

regarding hearing on the defendants' motion to compel). Nevertheless, the Court is not bound to follow the decision entered in *Varela* and declines to do so.

For the reasons stated above, the Court finds that Interrogatory No. 9 falls within the proper scope of discovery as long as it is limited to seeking only the make and model of Plaintiffs' mobile phones, and the carrier or provider that facilitated data and/or communication services for Plaintiffs' phones, from January 1, 2010 through the present. The Court further finds that Defendants may only use this information to seek "Call Detail Reports" from these carriers or providers <u>for Plaintiffs' individual phones</u>, and not for the phones of any family members who might be on Plaintiffs' calling plans. Therefore, the Court will grant in part Defendants' motion as to Interrogatory No. 9, and all Plaintiffs must supplement their responses to provide the make and model of their mobile phones, and the carrier or provider that facilitated data and/or communication services for their mobile phones, from January 1, 2010 through the present.

## **Interrogatory No. 12**

Defendants' Interrogatory No. 12 asks the following:

> Please list the entities with whom you were employed during the last ten years, including the name and address of each employer, the position(s) you held with each employer, the name of your supervisor with each employer, the dates on which you were or have been employed by each employer, the reason(s) you left the employ of any such employer, your gross, weekly compensation (including tips) received as a result of employment with each employer, and a description of how you were paid (for example, salary basis, hourly wage, commission) by each employer.

[*Doc. 84-1* at 20]. Plaintiffs objected to this interrogatory by stating:

> Objection, Overbroad, Harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This is an FLSA case with no claim for back or front pay, mitigation of damages is not an issue and as such, the information requested serves no legitimate purpose. To add, the time and scope of the

>request is grossly overbroad especially given that the limitations
>period under FLSA is 3 years.

*See, e.g.,* [*Doc. 84-1* at 21]; *see also* [*Docs. 84-1, 84-2* and *84-3*, Exhibits B-1 through B-24].

Defendants contend that they seek "Plaintiffs' post-Nova employment history to evidence whether Plaintiffs represented to subsequent employers that they worked in exempt job positions or duties while working for Nova." [*Doc. 84* at 12]. Defendants state that, on October 28, 2016, they propounded Interrogatory No. 20 to Plaintiffs, which tailored Defendants' request for this information. *Id.* While Defendants do not attach a copy of Interrogatory No. 20 to their motion to compel, they state that Interrogatory No. 20 asks Plaintiffs to: "Identify by name, address and telephone number any post-Nova employer where you either completed an application for employment, submitted a resume, or otherwise provided your post-Nova employer with information regarding your employment at Nova." *Id.* at 12, n.6.

In response, Plaintiffs contend that "Plaintiffs' work for other employers has no relevance to the claims and defenses in this case, which are limited to whether Defendants properly paid Plaintiffs for the work they performed for Defendants." [*Doc. 85* at 8]. Plaintiffs state that "[t]he only relevant inquiry in this case is whether Plaintiffs' job duties *at Nova Hardbanding, LLC*, entitle them to the protections of the FLSA, or whether they are exempt," and that Plaintiffs' "previous or future job duties, job titles, rates of pay, and supervisors' names are completely irrelevant." *Id.* at 9.

In reply, Defendants contend that Plaintiffs' post-Nova employment history is relevant because it may provide evidence that Plaintiffs represented to employers that they worked in exempt job positions at Nova. [*Doc. 87* at 7]. Defendants state that "to the extent that the parties disagree regarding Plaintiffs' job duties and responsibilities at Nova, Plaintiffs' representations to subsequent employers is highly relevant to what Plaintiffs did while working at Nova and to

the inquiry of whether Plaintiffs were in fact exempt by virtue of their responsibilities and duties at Nova." *Id.* at 8.

The Court agrees with Defendants that the question of whether Plaintiffs represented to post-Nova employers that they worked in exempt job positions at Nova is relevant as to whether or not Plaintiffs were exempt employees at Nova. However, Interrogatory No. 12 is much broader than what Defendants state they are seeking. Interrogatory No. 12 is not limited to information from post-Nova employers, and instead asks for all of Plaintiffs' employers for the past ten years. *See* [*Doc. 84-1* at 11]. It also asks for names of supervisors, dates of employment, reasons for leaving the employers, compensation received from each employer, and a description of how Plaintiffs were paid by each employer. *See id.* None of this information relates to whether Plaintiffs represented to employers that they worked in exempt job positions. Moreover, Defendants state that they propounded an additional interrogatory -- Interrogatory No. 20 -- on Plaintiffs, which "tailor[ed] [Defendants'] request for this information." [*Doc. 84* at 12]. Defendants do not state whether or not Plaintiffs answered Interrogatory No. 20, or if they objected to this interrogatory in any way. Regardless, Defendants do not ask the Court to compel Plaintiffs to respond to Interrogatory No. 20, they ask for responses to Interrogatory No. 12, and the Court finds that Interrogatory No. 12 is overly broad. The Court, therefore, will deny Defendants' motion to compel as to Interrogatory No. 12.

### **Attorney's Fees**

Finally, the Court considers Defendants' request for attorney's fees related to this motion. *See* [*Doc. 84* at 13-14]. Rule 37(a)(5)(C) provides that, if a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Here, Plaintiffs had an opportunity to be heard in that they were able to address Defendants' request in their response to the motion to compel. *See* [*Doc. 85*

9

at 10-11]. The Court finds that attorney's fees should not be awarded to Defendants. While the Court granted Defendants' motion in part as to Interrogatory No. 9, it did so based upon Defendants' agreement to significantly narrow that interrogatory to make it tailored to the claims and defenses in this case. The Court, therefore, finds that Plaintiffs' objections to the interrogatory were substantially justified, and denies Defendants' request for attorney's fees.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that *Defendants' Motion to Compel Discovery (Doc. 84)* is **GRANTED in part as to Interrogatory No. 9**, and **DENIED as to Interrogatory No. 12**.

**IT IS FURTHER ORDERED** that, **within ten (10) days of the entry of this order**, all Plaintiffs must supplement their responses to Interrogatory No. 9 to provide the make and model of the mobile phone used by each Plaintiff, and the carrier or provider that facilitated data and/or communication services for Plaintiffs' mobile phones, from January 1, 2010 through the present. Defendants may only use this information to seek "Call Detail Reports" from these carriers or providers <u>for Plaintiffs' individual phones</u>, and not for the phones of any family members who might be on Plaintiffs' calling plans.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**